MARY ANN KENNEDY, Plaintiff in Error, *v.* ANDREW BURRIER, Defendant in Error.

*Damages—Limitations.*—Suits for damages under the 2d section of the "Act for the better security of life," &c. (R. C. 1855, p. 647), must be commenced within one year after the cause of action accrues. If the wife of the deceased fail to sue within six months, the minor child has not twelve months thereafter within which to sue.

*Error to Buchanan Court of Common Pleas.*

*Parker, Strong & Chandler*, for plaintiff in error.

*H. M. & A. H. Vories*, for defendant in error.

LOVELACE, Judge, delivered the opinion of the court.

This is an action brought by the plaintiff to recover damages under "An act for the better security of life, property and character," for the alleged wrongful killing of her father. The petition shows that the killing took place more than one year before the institution of the suit; and that the deceased left a widow, the mother of the plaintiff. The defendant demurred upon the ground that the suit was not brought within one year after the cause of action accrued, which was sustained by the court below and judgment entered up for defendant, to reverse which the case is brought here by writ of error. The second section of the statute under which these proceedings were instituted (R. C. 1855, p. 648, § 2), after declaring in what kind of cases an action may be brought for the wrongful killing of another, provides that the suit shall be brought, "1. By the husband or wife of the deceased: or, 2. If there be no husband or wife, or he or she fail to sue within six months after such death, then by the minor child or children of the deceased," &c. And the sixth section of the same act provides, that " every action instituted by virtue of the preceding sections of this act shall be commenced within one year after the cause of action shall accrue." The plaintiff contends that for the first six months after the killing of Kennedy, there being a widow, no cause of action accrued to the plaintiff, and that she has one year after her cause of action accrued, and cites Coover v. Moore, (31 Mo. 576,) in support of this position.

In Coover v. Moore, the suit was brought by the widow to recover damages for the killing of her husband. It appeared that the deceased had minor children, and the widow commenced her action more than six months after the death of her husband. The court in that case held that when there were minor children, the right of the widow to sue would be barred after six months, and that after six months the cause of action " accrues to the minor children." The question as to when the minor children would be barred was not before the court, nor did they express an opinion upon it.

The sixth section of the act provides that suit must be brought "within one year from the time the cause of action accrued." When, then, did the cause of action accrue? We think the cause of action accrued whenever the defendant's liability became perfect and complete. Whenever the defendant had done an act which made him liable in damages, and there was a person *in esse* to whom the damages ought to be paid and who might sue for and recover the same, then clearly the cause of action had accrued as against him. When, then, did this liability take place? Evidently at the death of Kennedy. The defendant at that time had done the whole wrong complained of, and there was a person *in esse*—to-wit, Kennedy's widow—entitled to receive and empowered to sue for the damages. Then the cause of action clearly accrued at the death of Kennedy, and the statute commenced running from that time. The fact that the right to the damages, and consequent right to sue for them, at different times, is vested in different individuals, can make no difference as to the time the cause of action accrued.

There is but one cause of action, and that accrues to the husband or wife under the statute, and, in default of his or her suing, it passes to the minor children; just as the right to sue on a promissory note passes from the intestate to the administrator. It is the same cause of action all the time. It accrued when the defendant's liability was complete, which in this case was at the death of Kennedy; and the statute necessarily commenced running at that time. .

The other judges concurring, the judgment is affirmed.