PLATZ v. INTERNATIONAL SMELTING CO.

No. 3823.   Decided December 30, 1922.   Rehearing denied March 3, 1923.   (213 Pac. 187.)

1. PLEADING—DEMURRER ADMITS FACTS WELL PLEADED. A demurrer admits all the material facts well pleaded in the complaint.

2. DEATH—RIGHT OF ACTION STATUTORY. A right of action for wrongful death is statutory; no such right being known to the common law.

3. DEATH—LIMITATIONS RUN FROM TIME OF DEATH. Under Comp. Laws 1917, § 6505, providing that heirs or the personal representative for their benefit may maintain an action for wrongful death, and section 6469, subd. 2, providing that the action shall be commenced within two years after the cause of action accrues, where a decedent was survived by his mother as his only heir, a right of action accrued in her behalf immediately on the death, and limitations began to run from that time, and not from the date of the appointment of the administrator.

4. LIMITATION OF ACTIONS—WHEN ACTION FAILS OTHERWISE THAN ON MERITS, LIMITATIONS DO NOT RUN. In view of Comp. Laws Utah 1917, § 6484, when an action fails otherwise than on the merits, limitations do not run, and a new action may be insti-

Appeal from Third District

tuted between the same parties and on the same cause within one year.

5. CORPORATIONS—EFFECT OF LEGAL "DISSOLUTION" OF CORPORATION STATED. The effect of a legal dissolution of a corporation is to do away with and terminate the legal entity existing while the corporation was a going concern (quoting Words and Phrases, First Series, Dissolution).

6. PARTIES—PERMITTING AMENDMENT TO DESIGNATE DEFENDANT BY TRUE NAME HELD PROPER. Where plaintiff has by mistake misnamed the actual defendant, the court is authorized to permit an amendment so as to indicate defendant by its true name.

7. DISMISSAL AND NONSUIT—DISMISSAL NOT DETERMINATION ON MERITS. The dismissal of an action is not a determination of the case upon merits.[1]

8. PLEADING—COURT INTERPRETS PLEADINGS FROM LANGUAGE USED. In construing and determining the legal effect of allegations contained in a complaint, such effect is determined from the language used.

9. LIMITATIONS OF ACTIONS—STATUTE TOLLED LIMITATIONS IN FAVOR OF ALIEN ENEMY DURING WAR. In an action for wrongful death, where deceased's only heir was an alien enemy, and under Comp. Laws 1917, § 6483, the running of limitations was tolled in her favor during the period of the war with Hungary, it likewise was tolled as against the personal representative of deceased.

FRICK, J., dissenting.

Appeal from District Court, Third District, Salt Lake County; *Wm. M. McCrea,* Judge.

Action by Arthur A. Platz, administrator of the estate of Simon Zigich, deceased, against the International Smelting Company. From judgment dismissing the complaint, plaintiff appeals.

REVERSED AND REMANDED, WITH DIRECTIONS.

[1] *Luke* v. *Bennion,* 36 Utah, 61, 106 Pac. 712; *Williams* v. *Nelson,* 45 Utah, 255, 145 Pac. 39; *Guthiel* v. *Gilmer,* 27 Utah, 496, 76 Pac. 628.

*E. G. Palmer* and *Arthur A. Platz,* both of Salt Lake City, for appellant.

*Wm. Story* and *Jas. H. Wolfe,* both of Salt Lake City, for respondent.

GIDEON, J.

Respondent, by demurrer, pleaded that the cause of action stated in the complaint is barred by the provisions of Comp. Laws Utah 1917, § 6469. The court sustained the plea. Plaintiff failed to amend. Judgment was accordingly entered dismissing the action. From that judgment this appeal is prosecuted.

The demurrer admits all the material facts well pleaded in the complaint. From the complaint it appears that on September 14, 1917, the appellant was appointed, by the district court of Tooele county, special administrator of the estate of one Simon Zigich, deceased. It is alleged Zigich died on September 30, 1915. He was a native of the kingdom of Hungary; was not a citizen of the United States, but was a resident of Tooele county. He left surviving as his only heir his mother, who resides in the kingdom of Hungary. The asset of the estate is a claim against the respondent, International Smelting Company, for damages arising out of the wrongful death of said Simon Zigich. It is further alleged that the respondent is a corporation organized and existing under the laws of the state of Montana, and is doing business within this state. It is alleged upon information and belief that the respondent is the successor in interest of the International Smelting & Refining Company, a corporation organized and existing under the laws of the state of New Jersey; that at all times mentioned in the complaint the defendant was the owner of and operated and managed and controlled the operation of a smelting plant situated in Tooele county, and that said smelting plant was, and for a long time prior to September 30, 1915, had been, known generally as the "International

Smelter." It is further alleged that on September 27, 1917, the appellant instituted an action against the defendant in the district court of Salt Lake county to recover damages for the wrongful death of the deceased; that in that action the defendant, by mistake, was designated as the International Smelting & Refining Company, a corporation organized under the laws of the state of New Jersey; that the International Smelting & Refining Company was dissolved on April 30, 1915. It is stated in the complaint that on motion of appellant the court by order permitted the complaint to be amended so as to name the defendant herein the defendant in that action. On November 20, 1917, that action was by the district court dismissed as to the respondent herein otherwise than upon merits. The complaint in the present action was filed in the district court of Salt Lake county on September 3, 1921.

Sustaining the demurrer and the order dismissing the complaint are assigned as error. The appellant has submitted three propositions as a basis for the contention that the lower court erred in sustaining the demurrer: (a) The statute of limitations does not begin to run until a cause of action accrues. A cause of action arising after death in favor of a personal representative of the deceased does not accrue so as to start the running of the statute until a personal representative is appointed and qualified. (b) An action that fails otherwise than upon merits is not barred by limitation if a new suit upon the same cause of action and between the same parties is commenced within the time provided by law. (c) War suspends the statute of limitations as affecting the rights of an alien subject or citizen of the country at war with the United States to commence or prosecute an action in our courts.

A right of action or cause of action in cases such as we have under consideration is purely statutory. No such right of action or cause of action is known to the common law. It is advisable, therefore, to set out certain sections of our Code relating to the questions here presented.

So far as material, Comp. Laws Utah 1917, § 6505, reads:

"When the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of the heirs, may maintain an action for damages against the person causing the death.  *  *  *"

Section 6445 reads:

"Civil actions can be commenced only within the periods prescribed in the three succeeding chapters, after the cause of action shall have accrued, except where in special cases a different limitation is prescribed by statute."

By subdivision 2 of section 6469 (in the second succeeding chapter) it is provided that "an action to recover damages for the death of one caused by the wrongful act or neglect of another" shall be commenced within two years after the cause of action shall have accrued.

It is the contention of appellant that the statute of limitations does not begin to run until the cause of action accrues.. That may be conceded. There is no claim to the contrary. It is also contended that the statute gives the right of action to the personal representative, and therefore the cause of action here in question did not accrue until such personal representative was named by the court. That may also be conceded if the statute does not authorize any other person to maintain a suit upon the same cause of action. Under this branch of the case, and under the admitted facts, the question to be determined is: Did the cause of action accrue upon the death of plaintiff's intestate or upon the appointment of the administrator?

The statute provides that a suit may be maintained by the heirs or by the personal representative of a deceased. It is alleged in the complaint that the only heir of the deceased is his mother. His mother, as such heir, had the right, under the statute, to institute suit immediately upon the accruing of the cause of action. True the statute provides that a suit may be maintained by a personal representative upon the same cause of action. It is universally held, however, that suit by one of the parties entitled to maintain the action precludes recovery by the other party to whom that right is given.

Many authorities are cited and quoted from at length by

appellant to the effect that before a cause of action can be said to have accrued there must be some one in esse authorized to bring such action, and some one capable of being sued for the wrong committed. In *Collier* v. *Goessling*, 160 Fed. at page 611, 87 C. C. A. at page 513, the rule contended for is stated thus:

"To start the running of a statute of limitation there must be some one capable of suing, some one subject to be sued, and a tribunal open for such suits."

The cause of action here in question being purely statutory, it must necessarily follow that, whenever the Legislature has designated the agency authorized to enforce such right, its enactment precludes any other agency from enforcing the right or appealing to the courts for redress. Section 6469, supra, provides that an action must be instituted within two years from the date the cause of action accrued. As stated, the mother was authorized by statute to bring this action. The right of action had therefore accrued in her behalf and was enforceable by her immediately upon the death of her son. Can it be said, under the authorities, that the cause of action did not accrue so as to be enforceable by reason of the fact that an administrator was not appointed until almost two years after the death?

The great weight of authority, if not the unanimous authority, supports the argument of respondent to the effect that the statute of limitations began to run against the right of action immediately after the death of the intestate. The Supreme Court of Kentucky, in *Louisville & N. R. Co.* v. *Sanders*, 86 Ky. 259, 5 S. W. 563, in our judgment, lays down the rule that is supported both by reason and authority as follows:

"Upon the other hand, however, the law evidently looks to a speedy settlement of such claims. This is its policy. It has, therefore, prescribed the shortest period of limitation. If there be no one in esse who has the right to sue, then the saving in behalf of the infant would apply by virtue of the express provision of the statute, and his right be preserved for one year after the removal of the disability. But here is but one cause of action. The right to sue upon it is given to either of three persons. If there be one

of these in being with the right to sue, then does not the policy of the law, and a comparison and consideration of all the statutory provisions upon the subject, dictate that the action must be brought within a year from the accrual of such right to avoid a bar as to all?    Public policy and the general quiet must be regarded rather than the individual hardship."

The statute of Missouri provides that an action for wrongful death may be brought by the husband or wife of the deceased, or, if there be no husband or wife, or he or she fails to sue within six months, then by the minor child or children of the deceased.    The statute of that state also provides that every such action must be commenced within one year after the cause of action shall have accrued.    The Supreme Court of Missouri, in *Kennedy* v. *Burrier*, 36 Mo. 128, said:

"When, then, did the cause of action accrue?   We think the cause of action accrued whenever the defendant's liability became perfect and complete.   Whenever the defendant had done an act which made him liable in damages, and there was a person in esse to whom the damages ought to be paid and who might sue for and recover the same, then clearly the cause of action had accrued as against him.   When, then, did this liability take place?   Evidently at the death of Kennedy.   The defendant at that time had done the whole wrong complained of, and there was a person in esse—to wit, Kennedy's widow—entitled to receive and empowered to sue for damages.   Then the cause of action clearly accrued at the death of Kennedy, and the statute commenced running from that time. The fact that the right to the damages, and consequent right to sue for them, at different times, is vested in different individuals, can make no difference as to the time the cause of action accrued."

Appellant relies upon the opinion of the court in *American R. Co. of Porto Rico* v. *Coronas*, 230 Fed. 545, 144 C. C. A. 599, L. R. A. 1916E, 1095.   The court in that case was considering the right of an administrator to maintain an action for the death of his intestate, which occurred more than two years prior to the bringing of suit, but within two years from the date of the appointment of the administrator.   The action was brought under the federal Employers' Liability Act.   The second headnote, which reflects the opinion of the court as it relates to the question here involved, reads:

"Under section 6 of the federal Employers' Liability Act, declar-

ing that no action shall be maintained unless commenced within two years from the day the cause of action accrued, the cause of action for death of an employé must, in view of the fact that it can be maintained only by the personal representative for the benefit of the beneficiaries named, be deemed as accruing, not from the date of the employé's death, but from the date of the appointment of the administrator; no one being capable of suing until that time."

That act specifically provides that the right of action exists in favor of the personal representative for the benefit of the surviving widow, husband, or children of such employé. No right of action is given to the widow or heirs. Numerous cases are reviewed in that opinion, but none is cited supporting appellant's contention. The first contention of appellant must therefore be denied.

It may be admitted that when an action fails otherwise than upon the merits the statute of limitations does not run, and a new action may be instituted between the same parties and upon the same cause of action within one year. Also that the plaintiff is entitled to the benefits of 4 Comp. Laws Utah 1917, § 6484. However, the material question is: Is the argument applicable and controlling under the facts alleged in the complaint?

In the original action commenced on September 27, 1917, the International Smelting & Refining Company, a New Jersey corporation, was named as defendant. The court subsequently permitted an amendment of the complaint. By that amendment the International Smelting Company, a Montana corporation, was substituted as defendant in lieu of the International Smelting & Refining Company, a corporation of New Jersey. It is further stated in the complaint "that thereafter, to wit, on the 20th day of November, 1917, said action was dismissed as to the defendant herein." It is insisted by the respondent that the International Smelting & Refining Company, a New Jersey corporation, is an individual or legal entity separate and distinct from the International Smelting Company of Montana; that, the court having no power to permit the substitution of one defendant for another by amendment, the objection is not overcome by a simple allegation that the action was commenced against

the defendant herein. In other words, that the allegation of the complaint that an action was commenced on September 27, 1917, against the defendant cannot change the other facts appearing in the complaint that as a matter of fact the action was not against this defendant. The respondent has cited a Colorado case and one from the state of Nevada. *Denver & R. G. R. Co.* v. *Loveland,* 16 Colo. App. 146, 64 Pac. 381; *Little* v. *Virginia & Gold Hill Water Co.,* 9 Nev. 318. In the Colorado case the trial court permitted the plaintiff to amend by making the Denver & Rio Grande Railroad Company defendant in lieu of the defendant named in the complaint, to wit, the Denver & R. G. Ry. Co. The appellate court held that those two defendants were separate and distinct entities; that it was not permissible for the plaintiff to amend by making a different and distinct entity defendant, and by dismissing as to the original defendant. In the Nevada Case it appears that there were two distinct corporations having the same name; one was organized under the laws of California and one under the laws of Nevada. The plaintiff intended to bring suit against the California corporation, but designated the defendant as a corporation organized under the laws of the state of Nevada. Summons in that case was served upon the officers of the California corporation. The court held that that was not a case of misnomer, and that to permit the amendment was to insert the name of a separate and distinct corporation. The court recognized the principle of law that, where there is a misnomer of defendants, an amendment may be made substituting the correct name. The plaintiff in this action alleges that the original suit was instituted against the defendant, respondent here, and that by misnomer such defendant was designated International Smelting & Refining Company. The demurrer admits the truth of that allegation. Plaintiff also alleged that the International Smelting & Refining Company, a New Jersey corporation, was dissolved in June, 1915, a date preceding the date of the death of the intestate.

The effect of a legal dissolution of a corporation is to do away with and to terminate the legal entity ex-

isting while the corporation was a going concern.

"The dissolution of a corporation is that condition of law and fact which ends the capacity of the body corporate to act as such, and necessitates a liquidation and extinguishment of all the legal relations existing in respect of the corporate enterprise." 3 Words and Phrases, First Series, p. 2127.

In other words, a decree of dissolution terminates the corporation affected by such decree. If such be the legal effect of the dissolution, there was no legal entity in existence at the time of filing the suit in September, 1917, known as the International Smelting & Refining Company. It is conceded as a legal proposition that, where a plaintiff has by mistake misnamed the actual defendant in a suit, the court can and is authorized to permit an amendment so as to designate the defendant by its true name. If the allegations in this case are to be taken as true, that is exactly what the court did by permitting the amendment. Moreover, there is an **6** allegation in the complaint that the defendant International Smelting Company is the successor in interest to the International Smelting & Refining Company. In 31 Cyc. at p. 484, the author says:

"The general rule, even under the Codes and practice acts, is that it is not permissible to substitute by amendment a new plaintiff or defendant in place of an original sole plaintiff or defendant, except in a case where there is a privity or succession of interest."

It does not appear from the complaint whether summons was served in the original action on this defendant or not. The allegation is that suit was instituted against the defendant. That could be either by summons or by the filing of the complaint. Evidently the complaint was filed, as its amendment was permitted by the court.

It appears from the complaint also that the suit was dismissed on November 20, 1917. The dismissal of the action is not a determination of the case upon merits. *Luke* v. *Bennion*, 36 Utah, 61, 106 Pac. 712; *Williams* v.     **7** *Nelson*, 45 Utah, 255, 145 Pac. 39; *Guthiel* v. *Gilmer*, 27 Utah, 496, 76 Pac. 628. It is conceded in appellant's brief that the order of dismissal made by the district court on November 20, 1917, was based upon a motion made by

the present defendant, and was made by the court on the
ground that the plaintiff had named the wrong defendant.
Respondent therefore contends that appellant is bound by
the statements in the brief, and that this court should ac-
cept them as admissions of fact. It is argued that it there-
fore conclusively appears that the order of the lower court
made on November 20, 1917, dismissing the action is res
adjudicata of the question that the substitution of the In-
ternational Smelting Company for the International Smelt-
ing & Refining Company was not a correction of the name
of the party defendant in the action, but the naming
of a new and different defendant. In this case this
court is required to construe and determine the legal
effect of the allegations contained in the complaint. It would
be an anomaly if in the construction of the complaint this
court is precluded from determining the legal effect of that
allegation from the language used therein, but must be bound
by the inept statements in counsel's brief as to what the
district court based its action upon in another proceeding.

The original action was instituted on September 27, 1917.
The death of the deceased occurred on September 30, 1915.
That suit was therefore instituted within two years from the
accruing of the cause of action. War was declared by the
United States government against the kingdom of Hungary
on December 7, 1917. A state of war existed until after the
institution of the present action. By Comp. Laws Utah 1917,
§ 6483, the running of the statute of limitations is tolled in
favor of an alien enemy during a period of war. The
mother of deceased, as the only heir, is the beneficiary
of any claim that might be made against defendant
for the death of the intestate. The statute of limitations
was tolled as against her during the period of war. It was
likewise tolled as against any personal representative of the
deceased. *Crawford et al.* v. *William Penn,* Fed. Cas. No.
3372. No question or objection is interposed that the dis-
trict court assumed jurisdiction of this action prior to the
termination of the state of war between this country and
the kingdom of Hungary. It follows that the court erred

in sustaining the demurrer on the ground that the action was barred by the statute of limitations.

The order of the district court of Salt Lake county dismissing the complaint is reversed, and the cause is remanded to that court, with directions to reinstate the case and overrule the demurrer. Appellant to recover costs.

CORFMAN, C. J., and WEBER and THURMAN, JJ., concur.

FRICK, J. I dissent. For reasons not necessary to enumerate, I shall not state in detail the grounds which impel me to disagree with my associates.

When the allegations of the complaint are read in connection with plaintiff's statement of facts in his printed brief, it is very clear to my mind that the district court had arrived at the conclusion that it had grievously erred in permitting the plaintiff to substitute a Montana corporation for a New Jersey corporation by mere amendment. In view of that fact the district court, stating it in plaintiff's own language, "entered its order vacating and setting aside the order allowing appellant (plaintiff) to amend, and dismissed said action as to the respondent herein without further leave to amend the complaint." Taking that statement of facts in connection with the allegations of the complaint, it clearly appears that no action was at any time pending against the corporation which is the defendant in this action. True, the district court had permitted the substitution of the Montana corporation for the New Jersey corporation; but when a motion was made to correct the court's error in that regard, the court promptly vacated that order and dismissed that action. That dismissal amounted to a judgment which stands unaffected and unreversed. In the eye of the law, therefore, no action was pending against the defendant here, and for that reason the statute of limitations was not tolled as against it so as to bring it within our statute, which permits another action within a year after an action is dismissed otherwise than upon merits. This action is therefore fully and completely barred as against the defendant here,

and was so barred when this action was commenced against it. Nor did the declaration of war have any effect upon the right to bring the action, since the right to bring it was fully barred before war was declared.

I also dissent from the conclusion in this case that the effect of what was done in substituting the Montana corporation for the New Jersey corporation amounted merely to a misnomer. The New Jersey corporation and the Montana corporation constituted distinct and independent legal entities, and the mere fact that the former purchased or succeeded to the property rights of the latter would not authorize the one to be substituted for the other under the doctrine of misnomer. It is manifest to my mind that, according to plaintiff's own allegations in the complaint, viewed in the light of his statement of facts as contained in his printed brief, when applied to the well-established principles of law, he must ultimately fail; that is, he must ultimately fail in this action. In view of that, I can see no good reason for prolonging this litigation. The judgment should therefore be affirmed.