365 P.2d 63

Paulmina Nick SEELY, Administratrix of the Estate of Jacobsen E. Seely, Plaintiff and Appellant,

v.

Amelia G. COWLEY, Administratrix of the Estate of James H. Cowley, aka James Hall Cowley and James Cowley, Defendant and Respondent.

No. 9434.

Supreme Court of Utah.

Oct. 9, 1961.

---

2. Ibid.

3. Mawhinney v. Jensen, 1951, 120 Utah 142, 232 P.2d 769, 773.

King & Hughes, Salt Lake City, for appellant.

Albert R. Bowen, Ray, Quinney & Nebeker, Salt Lake City, for respondent.

WADE, Chief Justice.

This appeal arises out of three attempts by appellant to commence a suit against the Estate of James H. Cowley to recover damages for the alleged wrongful death of appellant's husband, Jacobsen E. Seely caused by the willful negligence of respondent Cowley's husband in an automobile accident in which Cowley was the driver and Seely was a passenger.

The automobile accident occurred on February 14, 1954, and both the driver and his passenger were killed in that accident on that day. Cowley was a resident of Uintah County, and Mrs. Cowley, respondent, was appointed as the administratix of his estate by the probate court of that county on June 3, 1954. In October, 1955, appellant caused an application to be made for the appointment of an administrator of the Estate of James Cowley in Emery County, Utah, and filed a complaint against him in January, 1956. Subsequently appellant Seely discovered that respondent Cowley had been appointed the administratrix of James H. Cowley's Estate and filed an

amended complaint on June 29, 1956, to show a cause of action against respondent as such administratrix and attempted service of summons upon her on June 23, 1956, in Laramie, Wyoming, where respondent had moved shortly after her appointment as administratrix.

Upon stipulation of counsel this complaint as amended was dismissed in November, 1959. Another complaint was filed in 1958, but no summons was ever served in that case. Finally in 1960 a complaint was filed against respondent in which she accepted service of summons. Respondent, Mrs. Cowley, moved to have this complaint dismissed with prejudice on the ground that the action was barred by the provisions of Section 78–12–28(2) U.C.A.1953 which states a cause of action for death is barred if not brought within two years. The court granted the motion and this appeal is from the judgment dismissing this complaint with prejudice.

Appellant contends the court erred in applying the provisions of Section 78–12–28 (2) because respondent almost immediately after her appointment as administratrix absented herself from the state of Utah and has been out of this State ever since, and therefore, the court should have applied the provisions of Section 78–12–35, U.C.A. 1953 which reads:

"Effect of absence from state.—* * if after a cause of action accrues [against a person] he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

The question to be determined is whether respondent's absence from the state tolled the provisions of Section 78–12–28, since there is no doubt that the only actions by appellant not heretofore voluntarily dismissed by her was commenced more than two years after the death of appellant's husband.

It is respondent's contention that the provisions of Section 78–12–35 do not apply to a personal representative because the limitation of Section 78–12–28(2) commences to run even though no administrator is appointed for the wrongdoer's estate.[1] These cases held that the limitation of the time in which an action for wrongful death could be commenced was a limitation upon the liability as well as upon the remedy and therefore, the period of time in which the action could be commenced could not be extended even though no administrator had been appointed. It is pointed out in these authorities that an administrator to sue or be sued could be appointed within the time limited to bring the action. However, in

1. Baker v. Baningoso, 134 Conn. 382, 58 A.2d 5; Bickford v. Furber, 271 Mass. 94, 170 N.E. 796, 70 A.L.R. 469.

the instant case the problem is not the lack of the appointment of an administrator. An administratrix was appointed who could have been sued within the time limited in Section 78–12–28(2).

It is appellant's contention that since an administratrix was appointed for the wrongdoer's estate her absence from the state tolled the limitation statute just as such absence would have if the suit was against the wrongdoer instead of his estate. As authority that our court has not held like the authorities upon which respondent relies that the liability, as well as the remedy, is limited to the two-year period, appellant cites Platz v. International Smelting Company.[2] In that case this court held that the statute which tolled the running of the statute of limitations in favor of an alien enemy likewise tolled it against the personal representative of the deceased. We are therefore inclined to the view that respondent's authorities are of no aid in determining our question. Had the two-year limitation in a wrongful death action been considered by this court to be a limitation upon the liability as well as the remedy, the alien heir would have been precluded from bringing her action after the two-year period even though there was a statute tolling the running of the time in favor of an alien enemy.

Having determined that our statute of limitations on wrongful deaths is not a limitation on liability, the question remains as to whether the provisions of Section 78–12–35 apply to a duly appointed personal representative of an estate. The problem where a personal representative who can be sued has been appointed is different from that in which no representative has been appointed. In the latter instance our probate code gives a creditor a right to apply for letters of administration if those who have preference do not apply[3] at least within three months.[4] In the case of a personal representative who has been appointed absenting himself from the state there is no absolute remedy to which a creditor is entitled. Absence from the state is not among the grounds listed for revocation of letters of administration under the provisions of Section 75–6–1, U.C.A.1953, although it might be a reason deemed sufficient by a court and thus be a ground for removal under the authority of that section. Nevertheless, whether such a reason would be deemed sufficient by a court would depend upon the discretion of that court. Although a court's discretion cannot be arbitrarily used, it could well be before that determination was made the two years would have elapsed and a person who had a good cause of action would thus be deprived of his rights unless the absence of the per-

2. 61 Utah 342, 213 P. 187.
3. Section 75–4–2, U.C.A.1953.

4. Section 75–4–3, U.C.A.1953.

sonal representative of the estate of the wrongdoer tolled the statute just as it does if the wrongdoer himself is alive and is absent from the state. For this reason we are of the opinion that Section 78–12–35, U.C.A.1953 applies to a personal representative of an estate who absents himself from the state and therefore the court erred in granting the dismissal of the action on the ground that the action had not been brought within two years as provided in Section 78–12–35, U.C.A.1953.

Reversed. Costs to appellant.

McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, Justice (dissenting).

Reluctantly I dissent. The main opinion is predicated upon the fallacy that the present representative was qualified and that 78–12–35, U.C.A. tolled the 2-year limitations statute (78–12–28). The record reflects and everyone admits that the administratrix left the state shortly after her appointment and established a domicil elsewhere, giving up her residence or domicil in Utah. Then and there she became ineligible and disqualified to act as administratrix under 75–4–4(2). Thereafter it was incumbent upon plaintiff to seek letters of administration under 75–4–2, where a "creditor or other person having a claim * * shall be entitled to letters." Not having

done so, or having waived the limitations statute unquestionably was applicable. The judgment should be affirmed.

CALLISTER, J., concurs in the dissenting opinion of HENRIOD, J.