Kimberly Dawn SPRECHER by Joyce Ann Liedtke, her guardian ad litem, and Joyce Ann Liedtke, Plaintiffs/Appellants,

v.

Timothy L. MAGSTADT, Defendant/Appellee.

Civ. No. 8909.

Supreme Court of North Dakota.

Dec. 4, 1973.

Jerome Jaynes, Carson, for plaintiffs-appellants.

Rausch & Chapman, Bismarck, for defendant-appellee.

ERICKSTAD, Chief Justice.

By complaint served upon the defendant, Timothy L. Magstadt, on November 18, 1972, the plaintiff, Joyce Ann Liedtke, for herself and as guardian ad litem for Kimberly Dawn Sprecher, commenced a wrongful-death action against Mr. Magstadt, alleging two counts.

We need not concern ourselves with the second count, which contained Mrs. Liedtke's action on her own behalf, as she concedes that action is outlawed by Section 28-01-18(4), N.D.C.C., which reads:

"28-01-18.   Actions having two-year limitations.—The following actions must be commenced within two years after the cause of action has accrued:

*      *      *      *      *      *

"4.  An action for injuries done to the person of another, when death ensues from such injuries, and the cause of action shall be deemed to have accrued at the time of the death of the party injured.

*      *      *      *      *      *

The first count reads:

"1.

"Joyce Ann Liedtke, was by an Order of this Court, duly given, made and appointed the guardian Ad Litem for Kimberly Dawn Sprecher, for purpose of this action.

"2.

"Kimberly Dawn Sprecher is the surviving infant daughter of Virgil Sprecher who died in the manner alleged below.

"3.

"At all times herein mentioned the defendant, Timothy L. Magstadt, was the driver or person responsible for the operation of a 1970 Chevrolet automobile.

"4.

"On December 1, 1969, on North Dakota Highway #49, north of the City of Elgin, in Grant County, North Dakota, while Virgil Sprecher was a passenger in said automobile, the defendant drove in a grossly negligent and reckless manner as to cause the automobile to cross the center line, leave the highway and roll over.

"5.

"As a proximate result of the grossly negligent and reckless acts of the defendant, Timothy L. Magstadt, Virgil Sprecher suffered severe injuries which caused his death on December 1, 1969.

"6.

"At the time of his death, Virgil Sprecher had a life expectancy of 51 years, was in good health and well employed.

"7.

"By reason of the death of Virgil Sprecher, Kimberly Dawn Sprecher has been deprived of decedent's support, comfort, society, counsel and service, all to her damage in the sum of $100,000.-00."

Mr. Magstadt filed an answer affirmatively alleging that the action is barred by Section 28–01–18, N.D.C.C. In conformity with this answer, he made a motion for summary judgment.

Kimberly filed a return to the motion, asserting that because she is an infant under the age of 21 years, the statute of limitations has been tolled pursuant to Section 28–01–25, N.D.C.C. The pertinent part reads:

"28–01–25. Disabilities extend limitations on actions generally—Exceptions. —If a person who is entitled to bring an action other than for the recovery of real property, or for a penalty or forfeiture, or against a sheriff or other officer for an escape is:

"1. Under the age of eighteen years;

\*    \*    \*    \*    \*    \*

at the time the cause of action accrues, the time of such disability is not a part of the time limited for the commencement of the action. However, the period within which the action must be brought cannot be extended more than five years by any such disability except infancy, nor can it be extended in any case longer than one year after the disability ceases." N.D.C.C.

The trial court granted the motion and dismissed the complaint on the basis of Subsection 4 of Section 28–01–18, N.D.C.C. Kimberly appeals from the summary judgment entered pursuant to the order granting the motion.

Since Kimberly was born on the 29th day of November, 1969, two days before her father's death on December 1, 1969, it is apparent that a complaint dated the 6th day of November 1972 and served upon the defendant on the 18th day of November 1972 did not initiate an action within two years of Kimberly's father's death.

The issue is whether Kimberly's infancy tolls Section 28–01–18(4), N.D.C. C., during her infancy permitting her to bring an action during her infancy more than two years after her father's death. We believe that it does.

That Kimberly's disability through her infancy should through Section 28–01–25(1) toll Section 28–01–18(4) is consistent with the position we took in Adams v. Little Missouri Minerals Assn., 143 N.W.2d 659 (N.D.1966), wherein two statutes of limitations were involved. In *Adams* we applied the rule that where substantial doubt exists as to which of two limitations statutes is applicable, the longer period will be applied.

In a more recent decision involving a malpractice suit, construing Section 28–01–18(3), N.D.C.C., we said that

"1. The limitation period commences to run against a malpractice action from the time the act of malpractice with resulting injury is, or by reasonable diligence could be, discovered." Iverson v. Lancaster, 158 N.W.2d 507, 508, Syllabus (N.D.1968).

For a still more recent decision permitting an action to be brought within the

longest period of time, see Mitzel v. Schatz, 175 N.W.2d 659 at 668–670 (N.D. 1970).

In 1964 the supreme court of California was faced with a similar issue. We quote from the opinion of that court.

"Question: *Was the running of the statute of limitations for wrongful death suspended during the period of plaintiffs' minority?*

"*Yes.* Section 377 of the Code of Civil Procedure provides, in part: 'When the death of a person * * * is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death * * *. The respective rights of the heirs in any award shall be determined by the court.'

"Section 340, subdivision 3, of the Code of Civil Procedure provides, in part: 'An action * * * for injury to or for the death of one caused by the wrongful act or neglect of another' must be brought within one year. However, section 352 of the Code of Civil Procedure provides that if a plaintiff is below the age of majority at the time an action accrues, the time of such disability is not a part of the time limited for the commencement of the action. [Citation omitted.]" Cross v. Pacific Gas and Electric Company, 60 Cal.2d 690, 36 Cal.Rptr. 321, 388 P.2d 353, 354 (1964).

Giving effect to Section 352 of the California Code of Civil Procedure, rather than Section 340(3) of the California Code of Civil Procedure, the court concluded that the statute of limitations was suspended during the period of the plaintiff's minority.

In 1972 the reasoning of *Cross* was applied by the supreme court of Nevada. The Nevada supreme court disposed of the issue in this fashion.

"The California Supreme Court in Cross v. Pac. G. & E. Co., 60 Cal.2d 690, 36 Cal.Rptr. 321, 388 P.2d 353 (1964), ruled on the very points here presented and contrary to the view taken by our district court. We choose to adopt the reasoning of the Cross decision." Parker v. Chrysler Motors Corporation, 88 Nev. 560, 502 P.2d 111 at 112 (1972).

Mr. Magstadt asserts that the provisions of Section 28–01–18(4) are mandatory and that no exception is permitted thereto, and that accordingly the two-year statute of limitations applies, notwithstanding Kimberly's minority.

In support of his position, he quotes a paragraph from American Jurisprudence 2d as follows:

"Where the minor children of the deceased are authorized to sue in case the surviving parent does not start an action within a specified time after the death, the period within which a minor child must begin suit has been held to date from the time of the death and not from the time when he is authorized to sue because of the failure of the surviving parent to do so." 22 Am.Jur.2d § 40, p. 638.

Kennedy v. Burrier, 36 Mo. 128, an 1866 decision of the supreme court of Missouri, is cited by the writers of American Jurisprudence 2d in support of that proposition.

An analysis of *Kennedy* indicates that the Missouri wrongful-death statute was of the type which contained within it the time limitation within which the action could be commenced. In our case the two-year limitation is contained in a chapter of our Code separate from the chapter which provides for the wrongful-death action.

Nowhere in the opinion do we find any reference to the existence of an infancy-disability statute such as we have in our State or any discussion of the effect of such a statute upon the limitation contained within the wrongful-death statute itself. We therefore conclude that the principles enunciated and applied in *Kennedy* are clearly inapplicable to the instant case.

George v. C., M. & St. P. R. Co., 51 Wis. 603, 8 N.W. 374, a one-page 1881 de-

cision of the supreme court of Wisconsin, referred to us by Mr. Magstadt, is also of little aid to us. It, like *Kennedy,* lacks the infancy-disability feature.

All of Mr. Magstadt's other references are equally general and for the most part relate to cases involving wrongful-death statutes which contain within themselves the time limitation within which an action may be brought. That type of wrongful-death statute is not comparable to Chapter 32–21, N.D.C.C., our wrongful-death statute.

We conclude that the provisions of Section 28–01–25 prevail over the provisions of Section 28–01–18(4) and that accordingly the time limitation prescribed in the latter section is suspended during Kimberly's minority.

The summary judgment of the trial court dismissing the complaint as it relates to Kimberly Dawn Sprecher is reversed and the case is remanded for disposition consistent with this opinion.

VOGEL, TEIGEN, PAULSON and KNUDSON, JJ., concur.