STELLA WILBON, Adm'r of the Estate of Lonnie Wilbon, Deceased, Plaintiff-Appellant, *v.* D. F. BAST COMPANY, INC., *et al.,* Defendants-Appellees.

First District (4th Division)    No. 62511

Opinion filed April 14, 1977.

Melvin Gaines, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The trial judge allowed a motion to dismiss the complaint because more than two years had elapsed since the incident which gave rise to the cause of action. This was done pursuant to section 2 of "An Act requiring compensation for causing death by wrongful act * * *" (Ill. Rev. Stat. 1975, ch. 70, par. 2), known as the Wrongful Death Act.

The sole issue presented on appeal is whether or not the decedent's minor children are barred from asserting their rights by the two-year limitation set forth in section 2.

The facts of the case are, Lonnie Wilbon was working for Holsapple Mud-Jacking Corporation on the resurfacing of the Kennedy Expressway on July 23, 1971. He was struck by a truck owned by the D. F. Bast Company. As a result of the accident Wilbon was injured and he later died of those injuries. The plaintiff here was living with Wilbon as his wife, and there were two children born to them as a result of this union.

She filed this action for the benefit of these two minor children. She is making no claim for herself. This action was filed three years and four months after Lonnie Wilbon's death.

■■ It has long been established in this state that a minor is a ward of the court and it is the duty of the court to protect all the interests of any minors within its jurisdiction. In 1846 in *Cowles v. Cowles*, 8 Ill. 435, 437, the court said:

> "The power of the court of Chancery to interfere with and control, not only the estates but the persons and custody of all minors within the limits of its jurisdiction, is of very ancient origin, and cannot now be questioned. This is a power which must necessarily exist somewhere, in every well regulated society, and more especially in a republican government, where each man should be reared and educated under such influences that he may be qualified to exercise the rights of a freeman and take part in the government of the country. It is a duty, then, which the country owes as well to itself, as to the infant, to see that he is not abused, defrauded or neglected, and the infant has a right to this protection."

The Illinois Constitution of 1970 abolished the distinction between courts of law and equity so all the circuit courts of the state have "original jurisdiction of all justiciable matters." Ill. Const. 1970, art. VI, § 9.

In a more recent case this court said:

> "It is the public policy of this state that rights of minors be carefully guarded. (*Muscarello v. Peterson*, 20 Ill. App. 2d 548, 170 N.E.2d 564.) A minor who becomes a party to litigation is a ward of the court, and a duty devolves upon that court to protect his rights. *Giles v. Kuennen*, 50 Ill. App. 2d 389 * * *." *Scheffki v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1971), 1 Ill. App. 3d 557, 561.

In the instant case it is clear the parties in interest are the minor children of the decedent. They are the ones who are deprived of the support, love, and affection of their father through his death. In *Kelly v. Kelley* (1925), 317 Ill. 104, 110, the supreme court stated:

> "The obligation of the father to support his children begins when the child is born and continues during the minority of the child."

■■ These two minor children, aged five months and two years at the time of their father's death, have been deprived of this support through the death of their father and clearly should be considered as wards of the court in this litigation, and we shall so consider them.

The defendant contends the suit was filed long after the two-year statutory period of limitations had expired under section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 2). We feel a

thorough reading of the statutes involved, considering both elementary rules of statutory construction and the rules of our supreme court, dictate another result. Supreme Court Rule 2 (Ill. Rev. Stat. 1975, ch. 110A, par. 2) provides:

> "These rules are to be construed in accordance with the appropriate provisions of An Act to Revise the Law in Relation to the Construction of Statutes, approved March 5, 1874, as amended (Ill. Rev. Stat., ch. 131, sec. 1, et seq.), and in accordance with the standards stated in section 4 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 4)."

Section 1.01 of "An Act * * * in relation to the construction of the statutes" provides:

> "All general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out." (Ill. Rev. Stat. 1975, ch. 131, par. 1.01.)

The Civil Practice Act provides:

> "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." (Ill. Rev. Stat. 1975, ch. 110, par. 4.)

In the Limitations Act, section 21 specifically provides:

> "If the person entitled to bring an action, mentioned in the 9 preceding Sections, is, at the time the cause of action accrued, within the age of 18 years, * * * he or she may bring the action within 2 years after the disability is removed." (Ill. Rev. Stat. 1975, ch. 83, par. 22.)

The persons entitled to bring this action are well within the statute under the provisions of section 21.

Defendants rely on the case of *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, which concerned a limitation within the Dramshop Act. We do not think this case is in point. The Dramshop Act is wholly statutory in nature. It is entirely a creature of the legislature and is intended to control the retail liquor industry. It is a penal statute. The Wrongful Death Act is an appendage to the Injuries Act and mentions injury causing death.

> "Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such

circumstances as amount in law to felony." Ill. Rev. Stat. 1975, ch. 70, par. 1.

In addition, it is an exercise in illogic to assume the legislature enacted section 21 of the Limitations Act and then intended to negate it in section 2 of the Wrongful Death Act, which provides:

"Every such action shall be commenced within 2 years after the death of such person." Ill. Rev. Stat. 1975, ch. 70, par. 2.

As is said in Sutherland, Statutory Construction § 7205, at 420-21 (1943):

"The death statutes represent a wholesome policy that has now become firmly imbedded in modern jurisprudence, and where the extent of the damages recoverable for wrongful death is measured by the actual injury sustained, these statutes should be liberally construed to accomplish their purpose."

■■■ As discussed above, it is the public policy of this State that minors must be protected by the courts and it is the duty of the court to protect all of the rights of minors who are participants in litigation. "Public policy retains a place of great importance in the process of statutory interpretation, and the tendency of the courts has always been to favor an interpretation which is consistent with public policy. In fact, it may be safely asserted that the basis of all the interpretive rules in regard to strict and liberal interpretation are founded upon public policy in one form or another." (Sutherland, § 5901, at 421.) In order to be consistent, we must conclude it is necessary for us to read section 21 of the Limitations Act together with the Wrongful Death Act to reach a decision. We believe the intent of the legislature to extend the time to bring an action for persons under 18 years of age, as set forth in section 21 of the Limitations Act, is controlling and overrides section 2 of the Wrongful Death Act, for reasons previously discussed. Therefore, we conclude the intent of the legislature, the case law and the public policy of Illinois, require that we reverse the decision of the trial court and remand this case for trial on the merits for the benefit of the two minor children.

Reversed and remanded for further proceedings not inconsistent with this opinion.

LINN and ROMITI, JJ., concur.