Connie Lou SWITZER, Raymond Gordon Switzer, Donald Eugene Switzer, Rodney Dean Switzer, and Therease Jo Switzer, minors, by and through their Guardian ad litem, Louella R. Bowles, Plaintiffs and Appellants,

v.

Bryce C. REYNOLDS, Individually and formerly doing business as Reynolds Sand and Gravel Company; Clark Equipment Company, Construction Machinery Division, Defendants and Respondents.

No. 15712.

Supreme Court of Utah.

Jan. 22, 1980.

C. R. Henriksen of Henriksen, Fairbourn & Tate, Salt Lake City, Joel H. Dembinsky, Glenwood Springs, Colo., for plaintiffs and appellants.

John H. Allen, Richard H. Moffat, Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

Plaintiffs appeal the district court's dismissal of a wrongful death action brought on behalf of five minor children. We reverse and remand for trial. All statutory references are to Utah Code Annotated, 1953, unless otherwise indicated.

On June 24, 1963, Gordon Switzer was killed when a large tractor shovel machine he was operating overturned on a freeway in Parley's Canyon, east of Salt Lake City. At the time of the accident, Switzer was employed by defendant Reynolds. The machine had been manufactured by defendant Clark Equipment Company (hereinafter Clark) and sold to Reynolds by defendant Foulger Equipment Company.[1]

Shortly after Switzer's death, his wife Louella filed a claim with the Utah State Industrial Commission on behalf of their five minor children. No recovery was ever granted by the Industrial Commission apparently due to the bankrupt status of defendant Reynolds. Then in October, 1974, plaintiff Louella had herself appointed guardian ad litem for the minor children and filed a complaint on their behalf for Switzer's wrongful death. Reynolds moved to dismiss and later, after the plaintiffs had been permitted more extensive discovery, moved for summary judgment on the ground that the claim was barred by the statute of limitations. Clark moved to dismiss on the same basis. The trial court granted both motions and dismissed the case.

The wrongful death action of Section 78–11–7 is not a joint cause of action. Therefore, a defense which would bar recovery by one of the heirs will not preclude all other heirs. Thus, individual circumstances may toll the statute of limitations of Section 78–12–28(2) as to one of the heirs. The concept that the wrongful death action is a joint cause of action has been rejected in recent decisions, which will be discussed infra.

Although Utah has never specifically ruled as to whether the statute of limitations for wrongful death is tolled by an heir's minority, as provided in Section 78–12–36(1), there are cases which are consistent with such a ruling. The limitations period is neither in the statute nor the chapter creating an action for wrongful death.

In *Seeley v. Cowley*[2] this Court determined the statute of limitations on wrongful death does not constitute part of the cause of action itself but is merely a limitation on the remedy. In *Seeley* this Court cited *Platz v. International Smelting Company*[3] wherein Court ruled:

> . . . A state of war existed until after the institution of the present action. By Comp.Laws Utah 1917, § 6483, the running of the statute of limitations is tolled in favor of an alien enemy during a period of war. The mother of deceased, as the only heir, is the beneficiary of any claim that might be made against defendant for the death of the intestate. The statute of limitations was tolled as against her during the period of war. It was likewise tolled as against any personal representative of the deceased. . . .

Thus, this Court has ruled the statute of limitations for wrongful death is tolled by a disability statute.

---

1. Pursuant to stipulation, the plaintiffs settled their claims with defendant Foulger Equipment Company, which was then dismissed from this action and is not a party on appeal.

2. 12 Utah 2d 252, 365 P.2d 63 (1961).

3. 61 Utah 342, 352, 213 P. 187, 190–191 (1922).

The nature of the wrongful death action must be examined to understand the issue posed in this case.

Under the wrongful death statute, there is but a single cause of action, viz., it arises from a particular wrongful act for which there can be but one claim against the tort-feasor for damages. Whether the action be prosecuted by the personal representative or one or more of the heirs, it is for the benefit of all the heirs, and all heirs are bound thereby. In this single action the full value of the life of deceased is determined and recovered, and the wrongdoer cannot be compelled to respond again for the damages.[4]

This Court pointed out in *In Re Behm's Estate*[5] the legislature intended the proceeds obtained from the wrongdoers should not be intermingled with the other assets of the deceased, for the wrongful death statute created a new cause of action, which ran directly to the heirs. This action is for the loss suffered by the heirs by reason of death. This Court enumerated the elements to be considered in assessing damages recoverable in a wrongful death action: financial support furnished; loss of affection, counsel, and advice; loss of deceased's care and solicitude for the welfare of the family; and loss of the comfort and pleasure the family of deceased would have received. The fund recovered should be distributed to each heir in proportion to the individual loss suffered.

In 85 A.L.R.3d 162, Anno.: Minority Of Surviving Children As Tolling Limitation Period For State Wrongful Death Action, it is noted[6] that a number of courts have reached opposing conclusions, as to whether a general statute providing a toll owing to infancy applies to wrongful death action.

In a case where the limitation period has been construed as merely affecting the remedy but not the right of action itself, a tolling statute has been held applicable to a statute of limitations for wrongful death.[7] In contrast, the limitation period was not tolled due to infancy, where the wrongful death statute was construed as creating a right of action that did not exist at common law and thus the time restriction provided therein affected the right of action and not merely the remedy.

As noted, ante, in Utah, the limitation period for wrongful death merely affects the remedy and not the cause of action. Thus, a ruling that the limitation period was tolled by infancy would be consistent with prior holdings of this Court.

The annotation points out where the cause of action is in the child as opposed to the personal representative of the decedent, the limitation period for wrongful death was subject to being tolled during the infancy of a person entitled to bring the action.[8] Furthermore, where the cause of action was deemed a property right, belonging to the child by reason of the wrongful death statute, the limitation period was tolled due to infancy, although the guardian failed to bring suit within the limitation period.[9]

In contrast, the minority of the decedent's children will not toll the limitation period, where the children are not entitled by the statute to bring a wrongful death action, viz., the right of action for wrongful death is purely statutory, and the action must be brought in the names of the persons upon whom the right is conferred by statute.[10]

4. *Parmley v. Pleasant Valley Coal Co.*, 64 Utah 125, 228 P. 557 (1924); *Brainard's Cottonwood Dairy v. Industrial Commission*, 80 Utah 159, 14 P.2d 212 (1932).

5. 117 Utah 151, 213 P.2d 657 (1950).

6. Sec. 2, pp. 165–167.

7. *Gaudette v. Webb*, 362 Mass. 60, 284 N.E.2d 222, 61 A.L.R.3d 893 (1972).

8. *Parker v. Chrysler Motors Corp.*, 88 Nev. 560, 502 P.2d 111 (1972).

9. *Texas Utilities Co. v. West*, Tex.Civ.App., 59 S.W.2d 459 (1933).

10. *Gomez v. Leverton*, 19 Ariz.App. 604, 509 P.2d 735, 85 A.L.R.3d 158 (1973).

In Utah, as noted ante, the wrongful death statute creates a new cause of action which runs directly to the heirs to compensate each for the individual loss suffered by the death. The action may be maintained by the personal representative for the benefit of the heirs or by one or more of the heirs. Since the cause of action is a personal property right of the heir, it would be consistent with prior interpretations of Utah law to hold the limitation period is tolled during the period of a minor heir's disability.

In *Cross v. Pacific Gas and Electric Company*[11] the court ruled a wrongful death statute, of similar design to Section 78–11–7, did not create a joint cause of action. The court explained that although recovery is in the form of a lump sum, the amount is determined in accordance with the various heirs' separate interests in the deceased's life and the loss suffered by each by reason of the death. Thus, each heir should be regarded as having a personal and separate cause of action. Such a position, the court observed, was consistent with its prior rulings with respect to wrongful death actions in which the defense of contributory negligence had been raised, and a bar against recovery by one heir because of contributory negligence did not preclude recovery by the other heirs. The court ruled the running of the statute of limitations against adult heirs, therefore, did not affect the rights of minor plaintiffs in a wrongful death action. The court added a further explanatory statement:

In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and when it is said that the action is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages. [Citation][12]

In *Parker v. Chrysler Motors Corporation*[13] the lower court had ruled the claims of the minor children were barred as was the mother's by the statute of limitation. This for the reason the cause of action for wrongful death was granted to the "heirs," as members of a class, and was joint and indivisible in nature. The Supreme Court of Nevada rejected this analysis and explained each heir had a separate relational interest in the life of deceased and damages were determined according to those separate interests, although the judgment recovered is in a lump sum. The Court held a defense, good against the claim of one heir, is not fatal to the others.

The court ruled in *Sprecher v. Magstadt*[14] the North Dakota two year statute of limitations, for wrongful death, was tolled pursuant to the State's disability statute for minors. The Court contrasted its case with *Kennedy v. Burrier*.[15] The Court stated:

An analysis of *Kennedy* indicates that the Missouri wrongful-death statute was of the type which contained within it the time limitation within which the action could be commenced. In our case the two-year limitation is contained in a chapter of our Code separate from the chapter which provides for the wrongful-death action.

Nowhere in the opinion do we find any reference to the existence of an infancy-disability statute such as we have in our State or any discussion of the effect of such a statute upon the limitation contained within the wrongful-death statute itself. We therefore conclude that the

---

11. 60 Cal.2d 690, 36 Cal.Rptr. 321, 388 P.2d 353 (1964).

12. at p. 323 of 36 Cal.Rptr., at p. 355 of 388 P.2d.

13. see note 7, supra.

14. N.D., 213 N.W.2d 881, 884 (1973).

15. 36 Mo. 128 (1865).

principles enunciated and applied in *Kennedy* are clearly inapplicable in the instant case.

The analysis of the Supreme Court of North Dakota is applicable to the statutory scheme in Utah.

The Court in *Wilbon v. D. F. Bast Company, Inc.,*[16] cited the public policy that minors, who are participants in litigation, must be protected by the courts as a rationale to support its ruling the limitation period for a wrongful death action was tolled by minority. The Court further cited Sutherland, Statutory Construction, Sec. 7205, pp. 420–421 (1943) and quoted:

> The death statutes represent a wholesome policy that has now become firmly imbedded in modern jurisprudence, and where the extent of damages recoverable for wrongful death is measured by actual injury sustained, these statutes shall be liberally construed to accomplish their purpose.

*Frost v. Hardin*[17] is a recent decision ruling on the issue of whether a wrongful death action by the minor children of a deceased father was barred by the statute of limitations, because such an action would be barred if brought by their widowed mother. The court held the action was not barred. In *Frost*, defendants argued there was but a single cause of action, and the statute of limitations ran against the action and not against the holders thereof. Defendants relied on the principle, where there is a single joint cause of action and one of the joint holders is capable of bringing it, the statute runs against the cause of action even though other potential plaintiffs are under some sort of a disability.

In response the Court said defendants had cited mostly foreign cases involving joint owners seeking to recover real or personal property. It discussed the one case cited most nearly in point, *Louisville & Nashville Railroad Company v. Sanders*, 86 Ky. 259, 5 S.W. 563 (1887). Therein, the Kentucky Court of Appeals held infant children to be barred from prosecuting a wrongful death action five years after their father's death, because an administrator had been appointed who could have brought the suit within the statutory one year. The Kentucky Court stated that public policy and the general quiet outweighed individual hardship. This public policy requiring speedy settlement of personal injury claims, was evidenced by legislative assignment to such claims of the shortest possible period of limitation. The Kansas Court contrasted its statutory scheme to Kentucky's and observed it could not perceive any such public policy which would override the specific tolling provisions of its disability statute— the two year statute for wrongful death was not the shortest in the Kansas Code.

The Court cited the significant features of the Kansas wrongful death statute: the action may be commenced by any one of the heirs at law who has sustained a loss by reason of the death; the action is for the exclusive benefit of all of the heirs who have sustained a loss, regardless of whether they all join or intervene; the amount recovered is apportioned according to the loss sustained by each of the heirs. Only one action may be brought in the sense that a negligent wrongdoer can be compelled to answer but once for a single wrongful death. Any heir is permitted to join, but no heir is indispensable. The Court stated:

> The result is that the Kansas wrongful death action is not truly a 'joint' action in the sense that all interested plaintiffs must join and defenses good against one are good against all. This is aptly demonstrated by *Cruse v. Dole*, 155 Kan. 292, 124 P.2d 470. There the defense of contributory negligence was asserted against a surviving husband, who had been driving at the time of the accident in which his wife was killed. No such defense was available as to two adult daughters, . .

The Court reasoned, if the contributory negligence of one heir does not defeat the claim of the other heirs then by analogy the

---

**16.** 48 Ill.App.3d 98, 8 Ill.Dec. 260, 365 N.E.2d 498 (1977).

**17.** 1 Kan.App.2d 464, 571 P.2d 11 (1977); affirmed 224 Kan. 12, 577 P.2d 1172 (1978).

defense of the statute of limitations against the claim of the widowed mother would not bar the claims of the minor children. The children were given the right by statute to bring the action in their own names, and that right was preserved to them during their respective minorities.

■ From the foregoing cited cases in which statutory provisions similar to those involved herein were construed the conclusion is compelling that the limitation period of Section 78–12–28(2) is tolled by Section 78–12–36(1), in an action for wrongful death pursuant to Section 78–11–7.

WILKINS and STEWART, JJ., concur.

HALL, Justice (dissenting).

I do not subscribe to the holding in the main opinion because it represents a departure from the prior pronouncements of this Court which I deem sound and viable.

Our wrongful death statute [1] provides, in pertinent part, as follows:

. . . when the death of a person not a minor is caused by the wrongful act or neglect of another, *his heirs, or his personal representatives for the benefit of his heirs, may maintain an action* for damages against the person causing the death . . . . [Emphasis added.]

The cause of action is therefore one jointly held by the heirs of a deceased. This Court has held that when a wrongful death action is brought, either by one of the heirs or by the personal representative of the deceased, the action is deemed to have been brought for the benefit of all the heirs.[2] Thus, there is but one cause of action[3] whether it is enforced by the surviving spouse, by the minor child or children or by any other party authorized to do so by statute.[4] Therefore the minority of some of the heirs cannot toll the statute of limitations where there is at least one plaintiff who could have maintained an action at the time the cause arose.

Consistent with the foregoing, this Court, in *Platz v. International Smelting Co.*,[5] held that a right of action for wrongful death accrues at the time of death, and hence, the statute of limitations begins to run from that time. In reaching that conclusion, the Court cited the case of *Louisville & N. R. Co. v. Sanders*[6] with approval and quoted the following reasoning therefrom:

. . . [T]he law evidently looks to a speedy settlement of such claims. This is its policy. It has, therefore, prescribed the shortest period of limitation. *If there be no one in esse who has the right to sue, then the saving in behalf of the infant would apply by virtue of the express provision of the statute, and his right be preserved for one year after the removal of the disability. But here is but one cause of action.* The right to sue upon it is given to either of three persons. If there be one of these in being with the right to sue, then does not the policy of the law, and a comparison and consideration of all the statutory provisions upon the subject, dictate that the action must be brought within a year from the accrual of such right to avoid a bar as to all? Public policy and the general quiet must be regarded rather than the individual hardship. [Emphasis added.]

Also in *Platz*, the Court relied upon a similar holding in *Kennedy v. Burria*[7] and quoted the following reasoning therefrom:

When, then, did the cause of action accrue? We think the cause of action accrued whenever the defendant's liability became perfect and complete. Whenever the defendant had done an act which made him liable in damages, and there

1. U.C.A., 1953, 78–11–7.

2. *Parmley v. Pleasant Valley Coal Co.*, 64 Utah 125, 228 P. 557 (1924).

3. Id.

4. *Click v. Thuron Industries, Inc.*, Tex., 475 S.W.2d 715 (1972).

5. 61 Utah 342, 213 P. 187 (1922).

6. 86 Ky. 259, 5 S.W. 563 (1887).

7. 36 Mo. 128 (1865).

was a person in esse to whom the damages ought to be paid and who might sue for and recover the same, then clearly the cause of action had accrued as against him. When, then, did this liability take place? Evidently at the death of Kennedy. The defendant at that time had done the whole wrong complained of, and there was a person in esse—to wit, Kennedy's widow—entitled to receive and empowered to sue for damages. Then the cause of action clearly accrued at the death of Kennedy, and the statute commenced running from that time. The fact that the right to the damages, and consequent right to sue for them, at different times, is vested in different individuals, can make no difference as to the time the cause of action accrued.

Therefore, because there was an heir in esse capable of suing at the time of the accident (i. e., decedent's widow, Louella), the limitation period began to run at that time. U.C.A., 1953, 78–12–28 establishes a two year limitation period for wrongful death recovery. The period having long since expired for decedent's widow, Louella, the cause can not be revived by reliance upon the minority of her children. The tolling effect of U.C.A., 1953, 78–12–36 has application to actions of this type only where there is no heir or personal representative capable of suing at the time of death.[8]

In order to have timely proceeded, Switzer's heirs had to institute an action within two years after the death of their husband and father. Having failed to do so, their cause of action is barred and the court correctly so ruled in dismissing the case.

The plaintiffs contend that the defendants waived the defense of the statute of limitations and should be estopped to plead it. The complaint was filed on October 23, 1974. Reynolds filed a motion to dismiss, based on the applicability of U.C.A., 1953, 78–12–28, on November 14, 1974. Clark filed its answer on December 9, 1974, alleging that the claim was barred by the statute of limitations. The court granted Reynolds' motion to dismiss on December 24, 1974, but allowed the plaintiffs to amend their complaint if they could state any facts which might support a finding that the statute was tolled. On January 9, 1975, the plaintiffs amended their complaint and, after the court permitted the plaintiffs more extensive discovery, Clark moved to dismiss on August 15, 1977, and Reynolds moved for summary judgment on August 31, 1977, both defendants again asserting that the claim was barred. I see no basis to conclude, as plaintiffs urge, that the defendants waived that defense or should be estopped from pleading it.

I deem the additional points raised on appeal to be also without merit. I would affirm the judgment below.

CROCKETT, C. J., concurs in the views expressed in the dissenting opinion.

---

8. See *Scott v. School Bd. of Granite Sch. Dist.*, Utah, 568 P.2d 746 (1977). In that case we held that the time of a minor's disability is not a part of the time limited for the commencement of a personal injury action. The cause of action in that case was *personal* to the minor and not held jointly with other persons.