STATE of North Dakota, ex rel. Dale MOUG, Executive Director, Department of Human Services, Plaintiff and Appellant,

v.

NORTH DAKOTA AUTOMOBILE ASSIGNED CLAIMS PLAN, NoDak Mutual Insurance Company, and State Farm Mutual Auto Insurance Company, Defendants and Appellees.

Civ. No. 10165.

Supreme Court of North Dakota.

July 15, 1982.

Blaine L. Nordwall, Asst. Atty. Gen., Dept. of Human Services, Bismarck, for plaintiff and appellant.

Zuger & Bucklin, Bismarck, for defendants and appellees; argued by Thomas O. Smith, Bismarck.

PEDERSON, Justice.

■ The principal issue presented on this appeal is: Does § 50–24.1–08, NDCC, stop the running of the statute of limitations as to claims for personal injury when the State has paid those same claims under the program of medical assistance for needy persons pursuant to the provisions of Chapter 50–24.1, NDCC? The trial court held that § 50–24.1–08 "is a recoupment statute . . . to recover payments made to a claimant or his estate" and, accordingly, held that it has no application to this case. A summary judgment was entered against the State. We do not agree.

The State paid the cost of medical assistance needed by Veronica Dumarce, Irene Diaz, Ronald Bruce and Sharon Rough, who were all injured in separate automobile accidents in 1978, under circumstances which made the assigned risk plan established un-

der § 26–41–19, NDCC, applicable. The amounts paid by the State were: for Dumarce, $1,848.14; for Diaz, $3,126.39; for Bruce, $21,590.60; and for Rough, $5,630.64. The trial court held that the summary judgment against the State did not apply to the claim involving Diaz because she was a minor. See § 28–01–25, NDCC.

■ At the time the State provided the costs of the medical assistance for which it has made claim here, the statute provided:

"SUBROGATION OF SOCIAL SERVICE BOARD TO RIGHT OF RECOVERY—ASSIGNMENT OF CLAIM. The social service board is subrogated to any right of recovery an applicant or recipient under this chapter may have for medical costs incurred under this chapter not exceeding the amount of funds expended by the social service board for the care and treatment of the applicant or recipient. The applicant or recipient, or other person acting in his behalf, shall execute and deliver an assignment of claim or other authorizations as necessary to secure fully the right of recovery of the social service board." See § 1, Chapter 455, S.L.1977. (The reference to "subrogation" was eliminated by Chapter 492, S.L. 1981. See § 50–24.1–02.1, NDCC, 1981 Pocket Supplement.)

In the light of this statute, we conclude that the reference to "repayment" in § 50–24.1–08, NDCC, is not limited to recoupment or recovery of payments from the claimant or his estate.

■ The Forty-fourth Session of the Legislative Assembly enacted two measures significant to the issue under consideration. In House Bill 1515 (Chapter 447, S.L. 1975) a new section was added to Chapter 50–24.-1, NDCC, reading as follows:

"Statute of limitations shall not run. The statute of limitations shall not run against claims of the state of North Dakota for repayment of medical assistance provided under this chapter." See § 50–24.1–08, NDCC.

The same legislative assembly enacted House Bill 1214 (Chapter 265, S.L.1975)—the North Dakota Auto Accident Reparations Act. *See* Chapter 26–41, NDCC. In addition to providing that no action for no-fault benefits may be commenced later than two years after a known loss, the statute specifies that:

> "The time period limitations prescribed in this section shall govern all actions for basic and optional excess no-fault benefits under this chapter notwithstanding any limitation prescribed elsewhere in the laws of this state." *See* § 26–41–16(4), NDCC.

A practical reading of the "letter of the law" leads to the absurd conclusion that each of the two, H.B. 1515 and H.B. 1214, cancels out the other. Each is clear and unambiguous when read alone, but both become ambiguous when read together. If a statute is unambiguous, the letter of the law is not to be disregarded under the pretext of pursuing its spirit. Section 1–02–05, NDCC. These statutes are latently ambiguous and we may consider all pertinent, extrinsic evidence available. *See St. Paul Mercury Insurance Company v. Andrews*, 321 N.W.2d 483 (N.D.1982).

Our search of legislative history reveals no insight into legislative intent helpful to a resolution of this case. Section 1–02–09, NDCC, provides one guideline: when irreconcilable statutes are passed during the same legislative session, we are to assume that the "latest in date of final passage" shall govern. In this particular instance, both H.B. 1214 and H.B. 1515 received final legislative action on the same marathon legislative day—March 26, 1975, the last day of the session.

Another guideline is supplied in § 1–02–07, NDCC. That section provides:

> "Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail."

Both statutes, §§ 50–24.1–08 and 26–41–16(4), have general aspects as well as special aspects, dependent upon one's perspective. There is substantial doubt whether or not § 26–41–16(4) is more significantly special than § 50–24.1–08.

We acknowledge that this is an extremely close question and its ultimate determination is clearly a policy matter which ought to be presented to the legislature for a more definitive determination.

> "... where substantial doubt exists as to which of two limitation statutes is applicable, the longer period will be applied." *Sprecher v. Magstadt*, 213 N.W.2d 881, 883 (N.D.1973).

Because § 50–24.1–08 provides for the longer period (unlimited), we apply it.

■ This court does not agree with the trial court's determination that the North Dakota Assigned Claims Plan is not an entity capable of being sued. We have said that unincorporated associations that engage in doing business in this state under a common name may be sued under such common name. *Askew v. Joachim Memorial Home*, 234 N.W.2d 226, 235 (N.D.1975).

Although other questions were briefed and argued, the answers to those questions are not necessary to a determination of this case and need not be now answered. *Hospital Services v. Brooks*, 229 N.W.2d 69 (N.D.1975).

The judgment is reversed. Because a matter of public interest is involved, costs are not allowed on the appeal.

ERICKSTAD, C. J., and KERIAN, District Judge, concur.

KERIAN, District Judge, sitting in place of PAULSON, J., disqualified.

SAND, Justice, specially concurring.

I concur in the result of the majority opinion for the reasons set out hereinafter.

The primary issue involves two statutes which appear to be in conflict. The first statute is North Dakota Century Code § 50–24.1–08, which provides as follows:

"The statute of limitations shall not run against claims of the state of North Dakota for repayment of medical assistance provided under this chapter."

This section was enacted through Ch. 447, 1975 S.L., and became part of Ch. 50–24.1, which was initially enacted through Ch. 7 of the Special Session of 1965. The basic Act was designed to provide medical care and service to persons whose income and resources were insufficient to meet such costs and to provide preventive, rehabilitative and other services to families or other individuals to retain or attain capability for independence or self-care.

The effective date of the Act was dependent upon the date when federal funds would become available for the purposes outlined in the Act. From the Act as originally enacted and subsequent amendments, there is little doubt that the Legislature intended that whenever certain people met the basic requirements and qualifications they would be eligible for these benefits. It was not a pick-and-choose situation for the Department of Human Services. The Legislature later provided that the human services department be subrogated to any right of recovery for money expended which became the law through Ch. 455, S.L.1977. The subrogation provision was replaced with an assignment provision under which the state acquired rights of recovery on insurance or whatever the applicant or recipient may have had. This became law through Ch. 492, S.L.1981.

I must assume that the provisions of NDCC § 50–24.1–08 applied to all subsequent amendments to Ch. 50–24.1 and provides as follows:

"The statute of limitations shall not run against claims of the state of North Dakota for repayment of medical assistance provided under this chapter."

This is the statute which is in conflict with NDCC § 26–41–16 which, after setting our various limitations of actions from subsections (1) to (4) under certain conditions, provides as follows:

"1.   . . .

"2.   . . .

"3.   . . .

"4. The time period limitations prescribed in this section shall govern all actions for basic and optional excess no-fault benefits under this chapter notwithstanding any limitation prescribed elsewhere in the laws of this state."

This became law through Ch. 265, S.L.1975, with an effective date of 1 January 1976.

If NDCC § 26–41–16(4) were to have the meaning and effect that it prevails over NDCC § 50–24.1–08, then I would ask the question: How can a legal exception be made regarding the provisions of NDCC § 28–01–25,[1] which in effect extends or tolls the statute of limitations under certain conditions for minors and certain persons?

If NDCC § 26–41–16(4), specifically the language "notwithstanding any limitation prescribed elsewhere in the laws of this state," overrides the provisions of NDCC § 50–24.1–08, then why does not that language serve to override the provisions of NDCC § 28–01–25? I do not agree that § 26–41–16(4) overrides either § 50–24.1–08 or § 28–01–25.

---

1. Section 28–01–25, as is pertinent, in essence provides:

"If a person who is entitled to bring an action other than for the recovery of real property, or for a penalty or forfeiture, or against a sheriff or other officer for an escape is:

1.   Under the age of eighteen years;
2.   Insane; or
3.   Imprisoned on a criminal charge or in execution under the sentence of a criminal court for a term less than for life,

at the time the cause of action accrues, the time of such disability is not a part of the time limited for the commencement of the action. However, the period within which the action must be brought cannot be extended more than five years by any such liability except infancy, nor can it be extended in any case longer than one year after the disability ceases."

In comparing these two statutes, we must take into account the intent of the Legislature. NDCC § 1–02–09 in essence provides that whenever two or more statutes passed during the same session are irreconcilable, the one latest in date of final passage shall govern. Also, NDCC § 1–02–08 provides:

"Except, as otherwise provided in section 1–02–07, whenever, in the same statute, several clauses are irreconcilable, the clause last in order of date or position shall prevail."

This is a clear indication that the latest in time (not only by days) prevails. Both statutes received final legislative action on the last day of the 1975 Session. Assuming the Legislature does things in an orderly fashion, and I believe we must make that assumption, and if we were to ask the Legislature we would receive a resounding "Yes, we do things in an orderly fashion." Section 26–41–16(4), Ch. 265, House Bill 1214, S.L.1975, according to the House Journal, was signed by the Speaker on page 1772 and signed by the President of the Senate on page 1774.

Sections 50–24.1–08, Ch. 447, House Bill 1515, S.L.1975, according to the House Journal, was signed by the Speaker on page 1774 and by the President of the Senate on page 1776.

If these entries are correct, and we have no reason to question them, then, pursuant to the provisions of NDCC § 1–02–09 and § 1–02–08, NDCC § 50–24.1–08 was last acted upon by the Legislature and prevails over NDCC § 26–41–16(4).

Also, by taking into account § 1–02–07, which provides that a special statute prevails over a general statute, I reach the same result even though both statutes are in a broad sense special statutes. In my opinion, § 26–41–16 has a broader and more general application than § 50–24.1–08, which has a narrower or a more special application and therefore prevails under the provisions of § 1–02–07.

The underlying purpose and intent of NDCC § 50–24.1–08 is to further the provisions of Ch. 50–24.1, which has been set out earlier herein. In this respect, NDCC § 50–24.1–07 provides, among other things, that in certain instances if the recipient of a certain age dies, leaving a spouse or a minor child, recovery will be delayed or estopped for a period of time. It then sets up procedures to be followed. If § 26–41–16 were to prevail it would actually prevent recovery under those conditions because of the time elements spelled out.

Furthermore, the applicant for medical benefits and assistance under Ch. 50–24.1 has reason to believe that an assignment takes place with the application and will no longer pursue any insurance claims, thinking that whatever claim he or she may have had was assigned. The department of social services has reason to rely upon the provisions of the statute and is most likely preoccupied with providing services rather than with actions to recoup or recover under the subrogation or assignment by law.

NDCC § 26–41–16(4) is more concerned with the individuals filing a claim or bringing an action to recover insurance payments and does not have a limited specific purpose given to it by the Legislature. It applies and is limited to "all actions for basic and optional excess no-fault benefits." It is not a law that governs under every conceivable situation, but only for the basic and optional excess no-fault provisions. True, the assignment takes on a similar color, but nevertheless recovery or recoupment is by an assignee or subrogee under the law, a person who is or was obligated to provide certain medical benefits. If the applicant meets the requirements, benefits are to be paid. NDCC § 50–24.1–08 specifically provides that the statute of limitations shall not run against claims of the state (Human Services Department) for medical assistance provided under this statute. It is very specific and greatly limited. Even if it were contended that "substantial doubt exists as to which of the two limitations statutes is applicable, the longer period will [would] be applied" *Sprecher v. Magstadt*, 213 N.W.2d 881, 883 (N.D.1973).

Taking into account the time of passage, the applicable rule of law and the obvious legislative intent and purpose of Ch. 50–24.-

1, I am compelled to conclude that the Legislature intended that the statutes of limitations do not apply to claims of the state for payments made under Ch. 50–24.1, and in this respect § 50–24.1–08 is a special statute, whereas § 24–41–16(4) is not as specific and applies to all actions for basic and optional excess no-fault provisions.

I agree with the result of the majority opinion that the basic judgment of the trial court be reversed with directions that the statute of limitations does not apply to claims arising under the provisions of NDCC Ch. 50–24.1.

VANDE WALLE, J., concurs.