410 P.2d 1008

Allan E. MECHAM, Frank V. Nelson and Lorin N. Pace, Plaintiffs and Appellants,

v.

STATE TAX COMMISSION of Utah and Treasurer of The State of Utah, Defendants and Respondents.

No. 10410.

Supreme Court of Utah.

Feb. 14, 1966.

Allan E. Mecham, Frank V. Nelson, Lorin N. Pace, Salt Lake City, for appellants.

Phil L. Hansen, Atty. Gen., for respondents.

CALLISTER, Justice:

The Thirty-Sixth Utah State Legislature enacted House Bill No. 81 [1] which amended Sections 59–14–2, 59–14–47, 59–14–67 and 59–14–70, U.C.A.1953. Plaintiff taxpayers assail the act insofar as it purports to increase the tax rates upon individual incomes, as being violative of Article VI, Section 25, of the Utah State Constitution.

1. Ch. 125, Laws of Utah 1965.

The lower court held the act to be constitu-, tional and plaintiffs appeal.

H.B. 81 passed both houses of the Legislature by a simple majority vote. After being signed by the Governor, it became effective on May 11, 1965—60 days after the adjournment of the legislative session. Section 5 of this act provides:

The tax rates provided for herein shall apply to all returns filed on or after January 1, 1966, for taxable years commencing on or after January 1, 1965.

Article VI, Section 25, of our Constitution provides:

All acts shall be officially published, and no act shall take effect until so published, nor until sixty days after the adjournment of the session at which it passed, unless the Legislature by a vote of two-thirds of all the members elected to each house, shall otherwise direct.

Basically, it is plaintiffs' position that Section 5 of the act attempts to make January 1, 1965, its "effective" date and therefore violative of the constitutional provision requiring a two-thirds' vote—at least, as it might apply to income earned between January 1st and May 11, 1965.

They reluctantly concede that, "retroactive tax laws, onerous as they are, have been upheld by our court."[2] However, plaintiffs ingeniously argue that Section 25 of Article VI of our Constitution has never been invoked or called to the attention of this court. In this, they are apparently correct. They point out that the diesel fuel tax law involved in the Garrett case[3] was passed by a two-thirds vote of both legislative houses.

Apparently, plaintiffs are under the impression that the Thirty-Sixth Legislature could have made H.B. 81 effective as of January 1, 1965, had it passed the bill by a two-thirds vote. This assumption, if they so assume, is in error. A legislature could not, by any vote, pass an act which would become a law prior to the date it was duly convened. This does not mean, however, that a legislature may not, under appropriate circumstances, enact a law which has a reasonable retrospective application upon matters or actions prior to its enactment or prior to its convening. This seems to be true especially with respect to tax enactments where there is no specific constitutional prohibition against retroactive or

2. Citing Garrett Freightlines v. State Tax Commission, 103 Utah 390, 135 P.2d 523, 146 A.L.R. 1003 (1943). However, this court cannot subscribe to plaintiffs' sweeping statement. As pointed out in this cited case, there may be tax laws enacted whose "retroactive" provisions might very well violate other constitutional prohibitions, both state and federal.

3. Ibid.

retrospective laws.[4] Neither the Federal Constitution nor the Utah Constitution has any provision in terms prohibiting retroactive legislation—excepting that which forbids the enactment of ex post facto laws.[5]

In the instant case, we hold that H. B. 81 became effective—became law—on May 11, 1965, and that its retrospective operation to January 1, 1965, does not violate any constitutional provision.

Affirmed. No costs awarded.

McDONOUGH, CROCKETT and WADE, JJ., concur.

HENRIOD, C. J., does not participate.

---

4. E. g., Welch v. Henry, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87, 118 A.L.R. 1142 (1938); United States v. Hudson, 299 U.S. 498, 57 S.Ct. 309, 81 L.Ed. 370 (1936).

5. Garrett Freightlines v. State Tax Commission, supra, note 2.