Steven H. **BLUM**, as Guardian ad litem of Scott Niles, a minor and mental incompetent, Plaintiff and Appellant,

v.

Rodney A. **STONE**, M.D., Western Gynecological and Obstetrical Clinic, and Cottonwood Hospital Medical Center, jointly and severally, Defendants and Respondents.

No. 20288.

Supreme Court of Utah.

March 21, 1988.

---

Gordon L. Roberts, J. Stephen Russell, Salt Lake City, and Edward R. Stein, Ann Arbor, Mich., for plaintiff and appellant.

Dan S. Bushnell, David B. Erickson, and Brinton Burbidge, Salt Lake City, for Cottonwood Hosp.

Elliott J. Williams and Bruce H. Jensen, Salt Lake City, for Stone and Western.

DURHAM, Justice:

Plaintiff Steven H. Blum, guardian ad litem for minor Scott Niles, appeals the trial court's decision to grant defendants' motion for summary judgment and dismiss plaintiff's action for medical malpractice. The trial court granted defendants' motion on the ground that Scott Niles' cause of action is barred by Utah Code Ann. § 78–14–4 (1987), the statute of limitations for medical malpractice actions. We reverse the trial court's decision and remand for further proceedings.

Scott Niles was born at Cottonwood Hospital Medical Center on March 18, 1969. He has suffered from cerebral palsy and other ailments since birth. Defendant Dr. Rodney Stone, an obstetrical-gynecological specialist, was the attending physician at Niles' birth. Stone and his partners at the Western Gynecological and Obstetrical Clinic attended Flynn Niles, Scott's mother, throughout her pregnancy.

Niles claims that his disabilities were caused by negligent treatment rendered by defendants. Conversely, defendants assert that Niles' claim, which was not filed until October 27, 1982, is barred by Utah Code Ann. § 78–14–4 (1987). Resolution of this dispute is complicated by the legislative and judicial backdrop against which the relevant statutes came into play. A chronological review of the statutes in question reveals the controlling law.

At the time of Niles' birth, the statute of limitations for a medical malpractice action was tolled throughout minority under section 78–12–36, which now states:

> If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either under the age of majority or mentally incompetent and without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action.

Utah Code Ann. § 78–12–36 (1987).[1] Accordingly, under this statute, Niles could file a claim for relief at anytime from his birth in 1969 until reaching majority in 1987. *See* Utah Code Ann. § 15–2–1 (1986) (period of minority extends to the age of eighteen years).

In 1976, the Utah Legislature enacted Utah Code Ann. § 78–14–4, the medical malpractice statute of limitations. The statute generally requires all medical malpractice actions to be brought within two years of "discovery" of an injury and no more than "four years after the date of the alleged act, omission, neglect or occurrence." Claims based on acts occurring before the effective date of the statute were barred after either the unelapsed portion of time allowed under the previously applicable statute of limitations or four years where the unelapsed portion was more than four years. Utah Code Ann. § 78–14–4(2) (1987).

In 1977, this Court issued its opinion in *Scott v. School Board of Granite School District*, 568 P.2d 746 (Utah 1977). In *Scott*, we held that the notice provisions of the Utah Governmental Immunity Act were tolled during minority pursuant to section

---

1. At the time of Niles' birth, section 78–12–36, although worded differently, was substantively similar to the current version.

78–12–36. The Court stated, "Notwithstanding the prior pronouncements of this court, a minor claimant is justly entitled to the protection afforded by said Section 78–12–36(1), ... *in all cases,* including notice requirements of the type contained in the Utah Governmental Immunity Act." *Id.* at 748 (emphasis added). The sweeping scope of this language requires that all statutes of limitation be tolled during minority unless the legislature enacts a specific exemption. This holding, according to the opinion, served to protect the minor's legitimate interests and avoid denial of due process and equal protection. *Id.* The Court explained, "A minor is incapable of giving notice by the very virtue of his minority, nor may he bring an action in his own behalf while a minor. He simply has no standing by statute and an action by or against a minor requires the appointment of a guardian ad litem." *Id.* at 747 (footnotes omitted).

*Scott* has been recognized to stand for the principle that, absent specific intent, periods of limitation are tolled during minority. In *Szarak v. Sandoval,* 636 P.2d 1082 (Utah 1981), this Court stated that the relevant statute and "the reasoning of the *Scott* case" prevent a minor's claim of paternity and for support from being barred during minority. *Id.* at 1084. Indeed, Chief Justice Hall, the author of *Scott,* characterized its rule as follows: "In that case [*Scott*] we held that the time of a minor's disability is not a part of the time limited for the commencement of a personal injury action." *Switzer v. Reynolds,* 606 P.2d 244, 250 n. 8 (Utah 1980) (Hall, J., dissenting).

In 1979, the legislature responded to *Scott* and its progeny by amending section 78–14–4. *See* 1979 Utah Laws ch. 128, § 1. The amendment evinced the legislature's

determination to apply the medical malpractice statute of limitations to all plaintiffs' claims, including those of minors. Section 78–14–4(2) thereafter stated: "The provisions of this section shall apply to all persons, regardless of minority or other legal disability under § 78–12–36 or any other provision of law...." The legislature's belief in the necessity of overcoming the *Scott* decision is manifested by the floor discussions preceding the amendment's adoption. *See* Transcript of Discussion and Vote in Utah House of Representatives at Third Reading of H.B. 164 (Feb. 13, 1979).[2]

In 1982, Blum filed Niles' claim against defendants. Defendants moved for summary judgment claiming, *inter alia,* that the 1979 amendment to section 78–14–4 served only to reaffirm legislative intent and did not reenact the section.[3] According to defendants' argument, Niles' claim should have been barred in 1980, four years following the original adoption of section 78–14–4. This position is without merit.

As applied by the Court and interpreted by the legislature, *Scott* nullified the effect of section 78–14–4 upon minors' claims. The 1979 amendment to section 78–14–4 was adopted with a view to defeating the effect of the tolling provisions of section 78–12–36. Between the issuance of *Scott* and the adoption of the amendment in 1979, however, all claims of minors were tolled pursuant to section 78–12–36. The 1979 amendment changed the law to reflect the legislature's wishes. It was not a minor alteration of existing law, but an entirely new application of section 78–14–4 to minors' claims.

Further, defendants' argument would require the 1979 amendment to have an ef-

---

**2.** Representative Judd stated, "[W]e are making that change [in section 78–14–4] in order to overturn a Supreme Court decision which has recently come down." There is some question whether the holding in *Scott* is "reversible" by the legislature. For purposes of this opinion, however, it is sufficient to note that the Court, see *Szarak,* 636 P.2d at 1084, the opinion's author, *see Switzer,* 606 P.2d at 250 n. 8, and the legislature all agreed that *Scott* at least had the effect of tolling all statutes of limitations during

minority based upon section 78–12–36, absent clear legislative intent to the contrary.

**3.** Plaintiff also urges this Court to overturn section 78–14–4(2) on constitutional grounds. Because we need not reach the constitutional issues to decide this case, we do not address them. *Hoyle v. Monson,* 606 P.2d 240, 242 (Utah 1980).

fective date prior to the date it was enacted. As the Tenth Circuit Court of Appeals correctly noted, Utah law "will not allow the legislature to 'pass an act which would become law prior to the date [the legislature] was duly convened.'" *Hargett v. Limberg,* 801 F.2d 368, 373 (10th Cir.1986) (quoting *Mecham v. State Tax Comm'n,* 17 Utah 2d 321, 322, 410 P.2d 1008, 1009 (1966)); [4] *see also* Utah Const. art. VI, § 25. Defendants suggest that the amendment in 1979 should be considered effective in 1976, the date of the enactment of section 78–14–4. This would, of course, require the amendment to be effective at least three years prior to the date the legislature that enacted it was convened. Aside from the decision in *Scott* and the legislature's response to that decision, this construction would be impermissible under the state constitution and *Mecham.* The 1979 amendment served to again apply section 78–14–4 to minors' claims. By the terms of the saving clause in section 78–14–4(2), any minor who had more than four years of unelapsed time remaining under the *Scott* decision would then have four years after the 1979 amendment to file his claim. Niles fell in this category and was accordingly required to file his claim by 1983. He did so and is therefore permitted to proceed with this suit.

In disposing of Blum's appeal in this manner, we do not reach the merits of his underlying claim, nor do we address the constitutionality of section 78–14–4. We base our holding solely on the statutory periods governing Niles' claim, which are dispositive of this appeal. The trial court's judgment is reversed, and the cause is remanded for further proceedings.

HALL, C.J., STEWART, Associate C.J., and HOWE and ZIMMERMAN, JJ.

---

**4.** *Mecham* would allow, however, the retroactive application of a statute in certain circumstances. The amendment in question was not drafted to be so applied.