Wesley COLE, Plaintiff and Appellant,

v.

JORDAN SCHOOL DISTRICT and Curtis Ricord, Defendants and Appellees.

No. 940489.

Supreme Court of Utah.

July 19, 1995.

C. Michael Lawrence, Salt Lake City, for plaintiff and appellant.

Jan Graham, Atty. Gen., Elizabeth King, Asst. Atty. Gen., Salt Lake City, for defendants and appellees.

RUSSON, Justice:

Plaintiff Wesley Cole appeals from the trial court's order granting defendants' motion to dismiss his complaint for failure to comply with the notice of claim requirements of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63–30–11, –13. We reverse and remand.

Cole alleges that he was injured on November 27, 1990, by Curtis Ricord, an employee of the Jordan School District (the District). According to Cole, Ricord, while in the course and scope of his employment, negligently opened a door, striking Cole in the face. At the time of the accident, Cole was thirteen years old.

On February 1, 1994, more than three years after the incident occurred, Cole mailed a notice of claim to the state attorney general and to the board members of the District. Subsequently, on April 10, Cole filed a complaint alleging negligence against Ricord and the District. On May 2, defendants moved to dismiss Cole's complaint on the grounds that Cole had not filed a timely notice of claim within one year of the accident as required by section 63–30–13 of the Utah Governmental Immunity Act (the Act) and had not requested an extension of time for service of such notice as allowed by section 63–30–11 of the Act. Cole responded that due to his status as a minor, the general tolling provisions of Utah Code Ann. § 78–12–36 applied to him and thus tolled all statutes of limitation, including the notice of claim provisions, until he reached the age of eighteen.[1] Cole therefore contends that he had one year from the date of his eighteenth birthday in which to file his notice of claim. Because Cole filed his notice well in advance of this date, he maintains that it was timely filed. The trial court, however, disagreed and granted defendants' motion to dismiss, stating, "Plaintiff's claim is barred by [section] 63–30–13 because he did not file a notice of claim within one year after his cause of action arose, nor did he apply to the courts under [section] 63–30–11(4) to extend the time for service of a notice of claim."

Cole appeals. Relying on this court's decision in *Scott v. School Board of Granite School District*, 568 P.2d 746 (Utah 1977), he argues that the trial court erroneously refused to apply the general tolling provisions of Utah Code Ann. § 78–12–36 to the notice of claim provisions contained in sections 63–30–11 and 63–30–13 of the Act.[2]

In *Scott*, this court addressed the very issue of whether the general tolling provision of section 78–12–36(1) applies to the notice of claim requirements contained in the Act. The court specifically held that "a minor claimant is justly entitled to the protection afforded by said Section 78–12–36(1), U.C.A., 1953, in all cases, including notice requirements of the type contained in the Utah Governmental Immunity Act. To hold otherwise is a denial of due process and equal protection." *Scott*, 568 P.2d at 748. This court based its decision on the practical obstacles that face minors who are trying to bring a lawsuit:

A minor is incapable of giving notice by the very virtue of his minority, nor may he

---

1. Utah Code Ann. § 78–12–36 reads:

    If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either under the age of majority or mentally incompetent and without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action.

2. Additionally, Cole argues that Utah Code Ann. § 63–30–11(4) violates article I, section 24 of the Utah Constitution. However, because we reverse on other grounds, we need not address this issue. *See World Peace Movement of Am. v. Newspaper Agency Corp.*, 879 P.2d 253, 257 (Utah 1994) (" 'It is a fundamental rule that this Court should avoid addressing constitutional issues unless required to do so.' " (quoting *State v. Anderson*, 701 P.2d 1099, 1103 (Utah 1985))).

bring an action in his own behalf while a minor. He simply has no standing by statute and an action by or against a minor requires the appointment of a guardian ad litem.

The parents, or natural guardians, have no specific legal duty to perform and have no responsibility to their minor off-spring other than their moral obligation. Consequently, in matters of this kind, when a parent, natural guardian, fails for one reason or another to give notice, file suit, or otherwise protect the minor's legal interests, the minor is left completely without a remedy.

*Id.* at 747 (footnotes omitted).

However, defendants contend that the legislature's subsequent amendment of section 63–30–11 effectively overruled our holding in *Scott.* The legislature amended section 63–30–11 to provide minors with an alternative to filing a notice of claim within one year, namely, allowing a minor to apply to the courts for an extension of time in which to file such notice. *See* Utah Code Ann. § 63–30–11 (Supp.1978).

At the time of Cole's accident, section 63–30–11 provided:

If the claimant is under the age of majority, mentally incompetent and without legal guardian, or imprisoned at the time the claim arises, the claimant may apply to the court to extend the time for service of notice of claim.

. . . .

The court may not grant an extension that exceeds the applicable statute of limitations.

Utah Code Ann. § 63–30–11(4)(a), (b)(ii) (1989).

When construing statutory language which is plain and unambiguous, we do not look beyond the same to divine legislative intent. *Brinkerhoff v. Forsyth,* 779 P.2d 685, 686 (Utah 1989); *accord Allisen v. American Legion Post No. 134,* 763 P.2d 806, 809 (Utah 1988). Instead, we construe a statute according to its plain language. *Brinkerhoff,* 779 P.2d at 686. Moreover, it is this court's policy to interpret a statute if possible to avoid potential constitutional conflicts. *See*

*Carlson v. Bos,* 740 P.2d 1269, 1276 (Utah 1987); *State v. Casarez,* 656 P.2d 1005, 1008 (Utah 1982).

A plain reading of the amended section demonstrates that its effect is much more limited than defendants suggest. Far from supplanting the general tolling provision, the amended section merely gives minors an additional avenue for complying with the notice requirements of the Act. It does not address the applicability of the general tolling provision to the Act's notice of claim requirements. Nor does the alternative provided for by the amended section preclude the general tolling provision from applying as well. Since the amendment of section 63–30–11, a minor claimant has the option of applying to the courts for an extension in which to file a notice of claim or filing a notice of claim within one year after he or she reaches the age of eighteen.

Given the statute's plain language, we conclude that the legislature did not overrule *Scott* by amending section 63–30–11. Moreover, we are unconvinced that the legislature would dramatically depart from its general intent to protect the causes of minors without a more definite statement as to its intent to remove the protection provided by the general tolling provision of section 78–12–36. *See, e.g.,* Utah Code Ann. § 78–14–4(2) (specifically stating that "this section shall apply to all persons, *regardless of minority or other legal disability under Section 78–12–36* " (emphasis added)).

Accordingly, we conclude that the trial court erred in refusing to apply section 78–12–36 to the notice of claim requirements of the Utah Governmental Immunity Act. We reverse and remand to the trial court for further proceedings consistent with this opinion.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.