2004 UT App 137

**BONNEVILLE ASPHALT and/or Liberty Mutual Insurance Company, Petitioners,**

v.

**LABOR COMMISSION and Dakota Cameron (dependent child of Cody Mair), Respondents.**

**No. 20030463–CA.**

Court of Appeals of Utah.

April 29, 2004.

Kristy L. Bertelsen and Michael E. Dyer, Blackburn & Stoll LC, Salt Lake City, for Petitioners.

Alan Hennebold, Salt Lake City, and Bruce J. Wilson, Colorado Springs, Colorado, for Respondents.

Before BENCH, Associate P.J., DAVIS and ORME, JJ.

## OPINION

DAVIS, Judge:

¶1 Bonneville Asphalt and Liberty Mutual Insurance Company (collectively Petitioners) seek review of an order of the Utah Labor Commission (Labor Commission), which requires Petitioners to pay death benefits to the surviving dependent of a former employee of Bonneville Asphalt. We affirm the Labor Commission's order.

## BACKGROUND

¶2 While in the course and scope of his employment, Cody Mair was killed on September 28, 1998, leaving behind a sole dependent, his two-year-old son Dakota Cameron. Nearly three years after Mair's death, Dakota's mother, who was never married to Mair, filed a claim for death benefits under the Workers' Compensation Act (the Act) on behalf of Dakota. She subsequently sought summary disposition of the claim with the Labor Commission. Because the claim was not filed within one year of Mair's death, Petitioners argued that the claim was barred by the Act's statute of limitation on death benefit claims (the statute of limitation). *See*

Utah Code Ann. § 34A–2–417(3) (1997).[1] The administrative law judge (ALJ) ruled that Dakota's claim was not barred by the statute of limitation because Utah's general tolling statute (the tolling statute), *see* Utah Code Ann. § 78–12–36 (1996), tolled Dakota's claim while he was a minor. The ALJ subsequently ordered Petitioners to pay death benefits to Dakota.

¶ 3 Petitioners sought review of the order with the Labor Commission. The Labor Commission denied Petitioners' motion for review, concluded that the tolling statute applied to Dakota's death benefits claim, and ordered Petitioners to pay Dakota's death benefits claim. Petitioners now seek review of the Labor Commission's order.

## ISSUES AND STANDARD OF REVIEW

¶ 4 We examine two issues: first, whether the tolling statute applies to death benefits claims filed under the Act; and second, whether the Labor Commission erred when it ruled that the "without a legal guardian" provision in the tolling statute applies only to mentally incompetent individuals. Utah Code Ann. § 78–12–36 (1996). Both issues present matters of statutory interpretation. "[M]atters of statutory construction are questions of law that are reviewed for correctness." *Esquivel v. Labor Comm'n,* 2000 UT 66, ¶ 13, 7 P.3d 777 (quotations and citations omitted). "[A]bsent a grant of discretion, an agency's interpretation or application of statutory terms should be reviewed under the correction-of-error standard." *Id.* at ¶ 14. The Act does not grant discretion to the Labor Commission on matters of statutory interpretation and, therefore, we review both issues under a correction-of-error standard. *See id.* at ¶ 18.

## ANALYSIS

### I. The Tolling Statute's Application to Death Benefits Claims Under the Act

¶ 5 The Utah Legislature drafted the tolling statute with a "general intent to protect the causes of minors." *Cole v. Jor-*

*dan Sch. Dist.,* 899 P.2d 776, 778 (Utah 1995). Furthermore, it "was obviously intended to prevent a person from losing the opportunity to bring a claim where circumstances precluded either proper notice or a realistic effort to pursue the claim." *Johnson v. State,* 945 P.2d 673, 674 (Utah 1997). The tolling statute reads, in its entirety,

> If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either under the age of majority or mentally incompetent and without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action.

Utah Code Ann. § 78–12–36 (1996). "[A] minor claimant is justly entitled to the protection afforded by [the tolling statute] in all cases...." *Scott v. School Bd.,* 568 P.2d 746, 748 (Utah 1977). "The sweeping scope of this language requires that all statutes of limitation be tolled during minority *unless the legislature enacts a specific exemption.*" *Blum v. Stone,* 752 P.2d 898, 900 (Utah 1988) (emphasis added). Petitioners argue that the tolling statute does not apply to claims filed under the Act because the Act's requirement that claims by minors must be filed by a guardian or next friend within one year of a qualifying event operates as a specific exemption from the tolling statute. *See* Utah Code Ann. §§ 34A–2–414(3), –417(3) (1997). We disagree.

¶ 6 The Act's one-year statute of limitation provides that "[a] claim for death benefits is barred unless an application for hearing is filed within one year of the date of death of the employee." Utah Code Ann. § 34A–2–417(3) (1997). The Act requires that a notice of claim for death benefits on behalf of minors "shall be made by the guardian or next friend of the minor dependents." *Id.* § 34A–2–414(3)(b) (1997). In order to except a statute of limitation from the operation of the tolling statute, more specificity is required.

¶ 7 In *Cole,* the Utah Supreme Court decided whether the provisions of the tolling statute applied to the statute of limitation

---

[1]. In cases involving the Act, we cite the substantive law in effect at the time of the injury or death. *See Marshall v. Industrial Comm'n,* 704 P.2d 581, 582 (Utah 1985).

and notice of claim requirements of the Utah Governmental Immunity Act. *See* 899 P.2d at 777. The Utah Governmental Immunity Act required a notice of claim, stemming from an accident, to be filed within one year of the accident. *See id.* Additionally, the Utah Governmental Immunity Act allowed plaintiffs to file for an extension of time for service of such notice. *See id.* The defendant in *Cole* sought to dismiss the plaintiff's claim because the plaintiff had not filed his notice of claim within one year of the accident and had not requested an extension of time for filing his notice of claim. *See id.* The plaintiff argued that the provisions of the tolling statute applied to his claim due to his minority status and, therefore, he had until one year after his eighteenth birthday to file his notice of claim. *See id.* The defendant argued that the provision allowing a minor claimant to apply for an extension of time to file his notice of claim served specifically to except the application of the tolling statute. *See id.* at 778. The Utah Supreme Court rejected the defendant's argument, stating that the extension of time provision "does not address the applicability of the general tolling provision to the [Utah Governmental Immunity] Act's notice of claim requirements. Nor does the alternative provided for by the amended section preclude the [tolling statute] from applying as well." *Id.*

¶ 8 Like the statute of limitation and notice of claim requirements in *Cole*, the statute of limitation and notice of claim requirements under the Act do not specifically except the application of the tolling statute from claims for death benefits under the Act. The Utah Legislature has demonstrated that if it seeks specifically to exempt a statute from the tolling statute, it will do so with clear, explicit language. *See, e.g.*, Utah Code Ann. § 78–14–4(2) (2002) (exempting malpractice actions against health care providers from the tolling

statute by stating that "this section shall apply to all persons, *regardless of minority or other legal disability under [s]ection 78–12–36* " (emphasis added)). The Utah Legislature has not added any similar language to exempt the Act's statute of limitation from the tolling statute.

■ ¶ 9 Our interpretation also comports with the policy of liberally interpreting the Act. "The purpose of the Act is to provide relief from industrial accidents. To that end, we construe the Act liberally and in favor of coverage if the statutes reasonably permit." *Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, ¶ 24, 993 P.2d 207 (citation omitted). Our interpretation "protect[s] the minor's legitimate interests and avoid[s] denial of due process and equal protection." *Blum*, 752 P.2d at 900; *see also Cole*, 899 P.2d at 777; *Scott*, 568 P.2d at 748.[2]

¶ 10 Petitioners are also concerned that by applying the tolling statute in this case, we would create a situation where a party might have long-dormant, yet viable, claims lying against it. However, nothing prevents such a party wishing to dispose of possible claims from petitioning the court to appoint a legal guardian for a minor. Under section 78–33–4,

Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic or insolvent, may have a declaration of rights or legal relations in respect thereto:

(1) to ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or,

(2) to direct the executors, administrators or trustees to do or abstain from

---

**2.** In *Scott v. School Bd.*, 568 P.2d 746 (Utah 1977), the Utah Supreme Court cited a previous version of the tolling statute, which is substantially similar to the version we consider today. The 1977 version of the tolling statute read, in relevant part:

If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either:

(1) Under the age of majority; or,

(2) Mentally incompetent and without a legal guardian; or,

(3) Imprisoned . . .;

[t]he time of such disability is not a part of the time limited for the commencement of the action.

Utah Code Ann. § 78–12–36 (1977); *see also Sulzen v. Williams*, 1999 UT App 76, ¶ 20, 977 P.2d 497 (analyzing Utah Code Ann. § 78–12–36 (1977)).

doing any particular act in their fiduciary capacity; or,

(3) to determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

Utah Code Ann. § 78–33–4 (2002). Thereafter, the party could commence a declaratory judgment action against the guardian so that the minor's rights could be promptly determined.

¶ 11 Accordingly, we conclude that the tolling statute applies to claims for death benefits filed under the Act.

## II. Interpretation of the Tolling Statute

¶ 12 Under Utah Code Annotated section 34A–2–417(3) (1997), claims for death benefits under the Act must be filed within one year of the death of an employee. The tolling statute provides that

[i]f a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, *either under the age of majority or mentally incompetent and without a legal guardian,* the time of the disability is not a part of the time limited for the commencement of the action.

Utah Code Ann. § 78–12–36 (1996) (emphasis added). Petitioners argue that the tolling statute applies to the statute of limitation only if a minor is without a legal guardian. Respondents contend that the "without a legal guardian" provision of the tolling statute applies only to mentally incompetent individuals. *Id.*

¶ 13 Petitioners rely upon a Utah Supreme Court decision in *Jensen v. IHC Hosps., Inc.,* 944 P.2d 327 (Utah 1997). In *Jensen,* adult plaintiffs argued, inter alia, that even if a statute of limitations barred plaintiffs' wrongful death claims against the defendant, that the general tolling statute prevented the

statute of limitations from running against wrongful death claims of the victim's children. *See id.* at 335. The supreme court ruled that "the children's situation does not fit within the tolling statute's terms," and although unrelated to its ruling, interpreted the "without a legal guardian" provision to apply to both minors and mentally incompetent individuals.[3] *Id.* (quotations and citation omitted).

¶ 14 Respondents rely upon *Sulzen v. Williams,* 1999 UT App 76, 977 P.2d 497, a decision from this court that also interpreted the tolling statute. In *Sulzen,* plaintiffs, acting as legal guardians on behalf of a minor, argued that the statute of limitations had not run on the minor's claims that defendants had negligently caused the death of his mother because the phrase "without a legal guardian" applied only to mentally incompetent individuals under the tolling statute. *Id.* at ¶ 17 (quotations and citation omitted). The defendants in *Sulzen,* relying upon the supreme court's decision in *Jensen,* argued that the phrase "without a legal guardian" applied to both minors and mentally incompetent individuals and, therefore, the plaintiffs' claims were barred by the statute of limitations. *Id.* at ¶ 18 (quotations and citation omitted).

¶ 15 After explaining that the issues in *Sulzen* were different from the issues raised in *Jensen,* the court of appeals noted that the tolling statute, as written, was ambiguous and supported the contentions of both parties. *See id.* at ¶¶ 18–19 & n. 5. Upon an examination of the "legislative history [of the tolling statute] and relevant policy considerations," *id.* at ¶ 19 (quotations and citation omitted), the court of appeals determined that the phrase "without a legal guardian" applied only to mentally incompe-

---

3. To aid in interpretation, the supreme court inserted bracketed numbers to illustrate that the "without a legal guardian" clause applied to both minors and mentally incompetent individuals. Utah Code Ann. § 78–12–36 (1996). The supreme court's interpretation, undisputably in dicta, reads:

"If a person entitled to bring an action . . . is at the time the cause of action accrued, [i] either

under the age of minority or mentally incompetent and [ii] without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action." *Jensen v. IHC Hosps., Inc.,* 944 P.2d 327, 335 (Utah 1997) (alterations in original) (quoting Utah Code Ann. § 78–12–36 (1996)).

tent individuals.[4] *Id.* at ¶ 22 (quotations and citation omitted).

 ¶ 16 The issues in this case, like those in *Sulzen,* are distinct from the issues involved in *Jensen,* and we, therefore, follow the *Sulzen* court's interpretation of the tolling statute. In this case, we examine whether the tolling statute applies to the Act's statute of limitation on death benefits claims. *See* Utah Code Ann. § 34A-2-417(3) (1997). Although we recognize and observe the supreme court's construction, in dicta, of the tolling statute in *Jensen,* horizontal stare decisis "requires that a court of appeals follow its own prior decisions. This doctrine applies with equal force to courts comprised of multiple panels, requiring each panel to observe the prior decisions of another." *State v. Menzies,* 889 P.2d 393, 399 n. 3 (Utah 1994); *see also State v. Thurman,* 846 P.2d 1256, 1269 (Utah 1993) ("If[horizontal] stare decisis had no application to a multi-panel court such as the court of appeals, it would sanction a judicial system under which the outcome of an appeal presenting a particular legal question would be dependent more on the composition of the panel hearing the case than on whether the issue has been previously addressed and decided by that court.").

¶ 17 Therefore, we conclude that the "without a legal guardian" provision in section 78-12-36, in the context of filing a claim for death benefits under the Act, applies only to mentally incompetent individuals. Utah Code Ann. § 78-12-36 (1996). Accordingly, the Act was tolled with respect to Dakota, regardless of whether his mother would properly be viewed as his legal guardian, as that test is used in section 78-12-36.

## CONCLUSION

¶ 18 We conclude that the tolling statute applies to claims filed under the Act, and we further conclude that the "without a legal guardian" provision in the tolling statute ap-

plies only to mentally incompetent individuals. Utah Code Ann. § 78-12-36 (1996). Therefore, we affirm the Labor Commission's order that Petitioners pay death benefits to Dakota Cameron.

¶ 19 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and GREGORY K. ORME, Judge.

---

4. The court of appeals similarly inserted bracketed numbers to illustrate how the tolling statute applied in *Sulzen:*

   "If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either [1] under the age of majority or [2] mentally in-

competent and without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action." *Sulzen,* 1999 UT App 76 at ¶ 22, 977 P.2d 497 (alterations in original) (quoting Utah Code Ann. § 78-12-36 (1996)).