2009 UT 82

In the Matter of the ESTATE OF Gary Wayne OSTLER, Deceased,

Melissa Walker, on behalf of her Son, Adam Kunic Moses Walker, Plaintiff and Appellant,

v.

Douglas L. Stowell, as Personal Representative of the Estate of Gary Wayne Ostler, Defendant and Appellee.

No. 20080180.

Supreme Court of Utah.

Dec. 11, 2009.

Rehearing Denied March 17, 2010.

Moses Lebovits, Los Angeles, CA, Mary Jane Whisenant, Salt Lake City, for plaintiff.

Alan R. Andersen, James G. Swensen, Salt Lake City, for defendant.

WILKINS, Justice:

### INTRODUCTION

¶ 1 Melissa Walker, on behalf of her minor child, brought a wrongful death claim against the Estate of Gary Ostler, the pilot of the airplane in which the child's father was a passenger and died. The claim against the Estate was brought nearly four years after the father's death, and more than three years after the expiration of the 90–day window for the filing of claims against the Estate under the Utah Probate Code. The Estate disallowed the claim, and Melissa filed a wrongful death action in the district court. On the motion of the Estate, the district court dismissed the claim as barred by the Probate Code's limitation on the presentation of claims against an Estate. We affirm.

## BACKGROUND & PROCEDURAL HISTORY

¶ 2 On July 13, 2003, pilot Gary Wayne Ostler crashed his Cessna 401 airplane into the Pacific Ocean, killing himself and three of his five passengers, including his brother-in-law, Adam Woodruff Moses. Approximately two or three weeks after the crash, Adam's girlfriend, Melissa M. Walker (Melissa), learned she was pregnant with Adam's child. Paternity tests later confirmed that fact.

¶ 3 A probate estate (the Estate) was opened for decedent Ostler, and the personal representative first published notice to creditors on September 23, 2003. Under the Utah Probate Code, all creditor claims were to be filed within 90 days, or by December 23, 2003. The heirs of the other two deceased passengers filed wrongful death claims against the Estate within the 90–day period, but Melissa, on behalf of her unborn child, did not. Melissa's child, named Adam Kunic Moses Walker (Walker), was born on March 27, 2004. No claim was filed on the child's behalf until Melissa did so on April 16, 2007.

¶ 4 Walker alleges, and we accept for purposes of this appeal as true, that the following events occurred in the interim: Shortly after Walker's birth, Christa Moses Ostler (Christa), Ostler's widow and Adam's sister (thus Walker's aunt), told Melissa that the Estate had set aside $250,000 for Walker, part of which would be available to Melissa for child support and part to be placed in a trust fund available to Walker upon reaching the age of majority. This money was neither paid nor set aside. The Moses and Ostler families promised Melissa that they would give Walker his father's 1965 Ford Mustang Fastback when he turned sixteen. The family later informed Melissa of their intention to sell the car and give her the proceeds. When the car sold for $12,000, Melissa eventually received $700. In 2006, while working and going to school full-time, Melissa inquired about the status of the Estate and the distribution. Christa told her the Estate had not yet settled and advised her to quit school and take on a second full-time job in order to

support Walker, which Melissa did. In January 2007, Melissa learned the Estate would not be directly distributing money to Walker, but that Christa promised to personally make the distribution, which she intended to do when Walker was eighteen.

¶ 5 In April 2007, Melissa filed a wrongful death claim against the Estate on behalf of Walker, as well as a Notice of Creditor's Claim. The Estate disallowed the claim, and Melissa filed a wrongful death suit in the Third Judicial District Court in June 2007. In July 2007, the Estate moved to dismiss Walker's complaint, alleging that the complaint was barred by the probate code statute of limitations. The district court granted the motion to dismiss, finding that Walker's claim was "barred except as allowed by Utah Code Ann. § 75–3–803(4)(b)," which allows any claim to be pursued to the limits of liability insurance only.

¶ 6 Walker, through his mother, appeals. On appeal, Walker raises the following question: Is a minor's claim against an estate tolled during the child's period of minority pursuant to the general tolling provisions of Utah Code section 78–12–36? [1]

## STANDARD OF REVIEW

¶ 7 A district court's grant of a motion to dismiss based upon the allegations in the plaintiff's complaint, "presents a question of law that we review for correctness." *Ellis v. Estate of Ellis*, 2007 UT 77, ¶ 6, 169 P.3d 441. In the process, "the district court's interpretation of prior precedent, statutes, and the common law are questions of law that we review for correctness." *Id.*

## ANALYSIS

¶ 8 Walker asks us to hold that Utah's general statute of limitations tolling provision applies to toll the limited claim presentment period in the Utah Probate Code during a claimant's minority.

¶ 9 The general tolling provision reads as follows:

---

1. This statute was amended in 2008 and renumbered as section 78B–2–108. Because substantive changes were made to the statute, we refer to the 2002 version of the statute in effect at the time of the appeal.

If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either under the age of majority or mentally incompetent and without a legal guardian, the time of the disability is not a part of the time limited for the commencement of the action.

Utah Code Ann. § 78–12–36 (2002).

¶ 10 The competing provision of the Utah Probate Code provides the following limitation on claim presentation, in relevant part:

(1) All claims against a decedent's estate which arose before the death of the decedent, ... whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within the earlier of the following dates:

(a) one year after the decedent's death; or

(b) ... within the time provided by Subsection 75–3–801(1) for all claims barred by publication.

*Id.* § 75–3–803(1) (1993).

¶ 11 Section 75–3–801(1) requires claimants to "present their claims within three months after the date of the first publication of the notice or be forever barred." *Id.* § 75–3–801(1).

¶ 12 To reconcile the apparent contradictory instructions of these statutes, we look first at the general tolling statute and examine its reach. Walker contends that the tolling statute is applicable to all statutes of limitation absent an express exemption provided by the legislature. On the other hand, the Estate argues that the standard is less strict, that clear legislative intent to exempt a statute from tolling, even if not express, is sufficient to override the general provision. Our prior decisions appear to side with Walker in that we have consistently required express legislative intent to override the general tolling provision.

¶ 13 In our first case dealing with minority tolling, *Scott v. School Board of Granite School District,* 568 P.2d 746 (Utah 1977), we held that the general tolling provision does toll the notice requirement of the Governmental Immunity Act during a claimant's minority, concluding that "a minor claimant is justly entitled to the protection afforded by said section 78–12–36(1) ... in all cases." *Id.* at 748. Later, in *Blum v. Stone,* 752 P.2d 898, (Utah 1988), we considered our holding in *Scott* again, holding that "[t]he sweeping scope of [the language of *Scott* ] requires that all statutes of limitations be tolled during minority unless the legislature enacts a specific exemption." *Id.* at 900. However, the *Blum* court also said that "*Scott* has been recognized to stand for the principle that, absent specific intent, periods of limitation are tolled during minority," *Id.,* and that "*Scott* at least had the effect of tolling all statutes of limitations during minority based upon section 78–12–36, absent clear legislative intent to the contrary." *Id.* at 900, n. 2. Ostler argues, that based on this language, clear legislative intent is sufficient to overcome the tolling provision.

¶ 14 In *Cole v. Jordan School District,* 899 P.2d 776 (Utah 1995), a minor injured while at school was allowed to proceed with a late-filed claim under the Governmental Immunity Act even though an amendment to the Act gave the minor the ability to file for an extension if he could not meet the one-year deadline. *Cole,* 899 P.2d at 778. Looking at the plain language of the amendment, the *Cole* court found it unambiguous in that it did not express an intent to exempt the limitation from tolling. *Id.* Indeed, the court stressed, "Moreover, we are unconvinced that the legislature would dramatically depart from its general intent to protect the causes of minors without a more definite statement as to its intent to remove the protection provided by the general tolling provision of section 78–12–36." *Id.*

¶ 15 In *Bonneville Asphalt v. Labor Commission,* 2004 UT App 137, 91 P.3d 849, the court of appeals held the Workers' Compensation Act's one-year limitation on death benefit claims to be tolled during minority under the general tolling provision even though the Act expressly provided that a notice of claim for death benefits on behalf of minors "shall

be made by the guardian or next friend of the minor dependents." *Bonneville Asphalt,* 2004 UT App 137, ¶ 6, 91 P.3d 849 (quoting Utah Code Ann. § 34A–2–414(3)(b) (1997)). The court explained, "In order to except a statute of limitations from the operation of the tolling statute, more specificity is required." *Id.* The court of appeals further observed, "The Utah Legislature has demonstrated that if it seeks specifically to exempt a statute from the tolling statute, it will do so with clear, explicit language." *Id.* ¶ 8 (citing Utah Code Ann. § 78–14–4(2) (2002) (exempting medical malpractice actions from the tolling statute by stating that "this section shall apply to all persons, regardless of minority or other legal disability under section 78–12–36")).

■ ¶ 16 It has become the law, based upon legislative enactments and our review of the question, that exemption from the tolling statute requires clear legislative intent, explicitly stated. Thus, as Walker contends, because our probate code does not include explicit exemption language regarding the limit on time to present claims, any statute of limitations would be tolled during minority under the general tolling statute.

¶ 17 However, the district court did not treat the probate code claim presentation limitation as a statute of limitation. Instead, persuaded by Colorado case law, the district court treated the probate code limitation as a jurisdictional bar. The district court quoted *In re Estate of Daigle,* 634 P.2d 71 (Colo. 1981), a Colorado Supreme Court case with very similar facts and underlying statutes:

A nonclaim statute operates to deprive a court of jurisdiction. The personal representative of an estate can neither waive it nor toll it .... A nonclaim statute imposes a condition precedent to the enforcement of a right of action; that is to say, the claim must be presented within the time set in the notice to creditors or be *barred.* A statute of limitations, on the other hand, does not bar the right of action but only the remedy.... Such a statute may be tolled. Such a statute is a defense which is waived if not affirmatively pleaded.

634 P.2d at 75 (ellipses in original) (internal quotation marks omitted).

¶ 18 Although we have not yet addressed the nature of the nonclaim statute as a jurisdictional bar, in *Switzer v. Reynolds,* 606 P.2d 244 (Utah 1980), we applied a similar analysis to the wrongful death statute of limitations. In *Switzer* we held that the wrongful death statute of limitations was tolled by the general tolling provision because it was of the nature affecting only the remedy and not the actual cause of action. *Id.* at 246. We explained:

In a case where the limitation period has been construed as merely affecting the remedy but not the right of action itself, a tolling statute has been held applicable to a statute of limitations for wrongful death. In contrast, the limitation period was not tolled due to infancy, where the wrongful death statute was construed as creating a right of action that did not exist at common law and thus the time restriction provided therein affected the right of action and not merely the remedy.

*Id.*

■ ¶ 19 The Colorado courts have made a distinction between a statute of limitation and a jurisdictional bar. In *Daigle,* the Colorado Supreme Court explained that the tolling statute is intended to affect only statutes of limitation because it allows the cause of action to continue after the disability is removed. *Daigle,* 634 P.2d at 75 n.7. In contrast, the language of a jurisdictional bar provides "that claims 'if not so filed, shall be forever barred.'" *Estate of Randall,* 166 Colo. 1, 441 P.2d 153, 155 (1968) (quoting Colo. Rev. Stat. § 153–12–12(1) (1963)).

¶ 20 In addition, the policy relied upon by the Colorado Supreme Court in construing the Colorado Probate Code nonclaim statute as a jurisdictional bar instead of a statute of limitation may be applied equally to the provisions of the Utah Probate Code. The *Daigle* court stated that interpreting the nonclaim statute as

jurisdictional in character, and therefore not subject to the tolling provisions otherwise applicable to statutes of limitations, is consistent with one of the basic purposes of the Colorado Probate Code: "to promote a speedy and efficient system for

settling the estate of the decedent and making distribution to his successors."

*Daigle,* 634 P.2d at 76 (quoting Colo. Rev. Stat. § 15–10–102(1)(c)). In addition, the court noted that construing the nonclaim statute as a statute of limitation, subject to tolling for minority, would cast doubt on the finality of distributions. *Id.* Further, the Colorado Supreme Court stated:

> The nonclaim statute providing for an absolute bar of a claim filed late is intended to expedite the orderly and exact settlement of estates of decedents. Otherwise, ... the settlement of an estate might be deferred indefinitely, and the heirs and legatees, the rightful owners of the property of the estate, or beneficiaries of the will of the decedent, [could be] kept out of the enjoyment of their possessions and deprived of the benefits secured to them by the laws of the state for such unreasonable time as to practically deprive them of their property.

*Randall,* 441 P.2d at 155 (internal quotation marks omitted). This reasoning applies equally to other timely claims, which would also be delayed, perhaps unreasonably, in receiving distributions appropriate for their claims.

¶ 21 We are persuaded by the reasoning of the Colorado courts. While an express intent to exclude the general tolling provisions from application to the claim presentation limitation of the probate code would reach the same result, the absence of such an express exclusion does not change the overall nature and intent of the estate settlement provisions as a whole. To harmonize the probate code with our case law on the tolling of statutes of limitation requires us to carefully consider the analysis and reasoning followed by the Colorado courts, and in doing so we adopt the reasoning used by *Randall* and *Daigle,* and employed by us in *Switzer,* to construe the Utah nonclaim statute as a ju-

risdictional bar not subject to tolling during minority under the general tolling statute.[2]

¶ 22 Affirmed.

¶ 23 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.

---

2. Walker also raises the question of whether, under the facts alleged, the Estate is equitably estopped from asserting the statute of limitations as a defense where specific representations were made that resulted in the delay in filing the claim. We decline to address this argument as it was not preserved. Walker did not raise equita-

ble estoppel or any of the facts on which he now relies to support this theory in the pleadings before the district court. "As a general rule, claims not raised before the trial court may not be raised on appeal." *State v. Holgate,* 2000 UT 74, ¶ 11, 10 P.3d 346.